David Louis AGUILAR, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–07–00415–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

June 5, 2008.

Discretionary Review Refused
Nov. 19, 2008.

---

Randall J. Ayers, Houston, TX, for Appellant.

William J. Delmore III, Assistant District Attorney, Bridget Holloway, Assistant District Attorney, Harris County, Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices JENNINGS and BLAND.

## OPINION

JANE BLAND, Justice.

A jury found David Louis Aguilar guilty of aggravated robbery. After finding true two enhancements for prior felony convictions, the jury assessed punishment at thirty years' confinement. In three issues, Aguilar contends that the evidence is legally and factually insufficient to support his conviction and that the trial court erred in denying his request to instruct the jury on the lesser-included offense of assault. We affirm.

## Background

Late in the evening of October 8, 2006, sixty-seven-year-old Michael Rivera was discarding recycling items into dumpsters in a church parking lot when Aguilar and Michael Rodriguez approached him. Aguilar asked Rivera if there was any food in the dumpsters. While Aguilar and Rivera were talking, Rodriguez got in Rivera's car and unsuccessfully attempted to start it. When Rivera realized what was happening, he got in the passenger side of the vehicle and tried to remove the keys from the ignition. When he could not get the keys out of the ignition, Rivera got back out of the car. Aguilar told Rivera to leave and punched Rivera in the eye when Rivera refused to do so. Rivera heard Aguilar tell the other man to "hurry up." After Aguilar threatened Rivera if he would not leave, Rivera ran away. He saw some men nearby and told them what happened. The men apprehended Rodriguez, while Rivera called the police. A police sergeant apprehended Aguilar after hearing his description over the radio. Rivera and one of the other men in the parking lot identified Aguilar as the man who tried to rob Rivera.

The State charged Aguilar with the felony offense of aggravated robbery against an elderly person, to which he pled not guilty. Aguilar testified that he did not know Rodriguez was going to try to steal the car, and he only touched Rivera in self-defense after Rivera tried to grab his bag. Aguilar requested and received jury instructions on self-defense and the lesser-included offense of injury to an elderly individual. The trial court, however, denied his request for a second lesser-included offense jury instruction on simple assault.

## Sufficiency of the Evidence

In his second and third issues, Aguilar challenges both the legal and factual suffi-

ciency of the evidence presented against him in the trial court. Aguilar specifically contends that the evidence was both legally and factually insufficient to show that Rivera suffered any bodily injury when Aguilar struck him in the head.

*Standard of Review*

When evaluating the legal sufficiency of the evidence, we view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Drichas v. State*, 175 S.W.3d 795, 798 (Tex.Crim.App.2005). The standard is the same for both direct and circumstantial evidence cases. *King v. State*, 895 S.W.2d 701, 703 (Tex.Crim.App.1995). We do not resolve any conflict of fact, weigh any evidence, or evaluate the credibility of any witnesses, as this was the function of the trier of fact. *See Dewberry v. State*, 4 S.W.3d 735, 740 (Tex.Crim.App.1999); *Adelman v. State*, 828 S.W.2d 418, 421 (Tex.Crim.App.1992); *Matson v. State*, 819 S.W.2d 839, 843 (Tex.Crim.App.1991).

When evaluating factual sufficiency, we consider all the evidence in a neutral light to determine whether the jury was rationally justified in finding guilt beyond a reasonable doubt. *Watson v. State*, 204 S.W.3d 404, 414 (Tex.Crim.App.2006). We set aside the verdict only if (1) the evidence is so weak that the verdict is clearly wrong and manifestly unjust or (2) the verdict is against the great weight and preponderance of the evidence. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex.Crim.App. 2000). Under the first prong of *Johnson*, we cannot conclude that a verdict is "clearly wrong" or "manifestly unjust" simply because, on the quantum of evidence admitted, we would have voted to acquit had we been on the jury. *Watson*, 204 S.W.3d

at 417. Under the second prong of *Johnson*, we cannot declare that a conflict in the evidence justifies a new trial simply because we disagree with the jury's resolution of that conflict. *Id.* Before finding that evidence is factually insufficient to support a verdict under the second prong of *Johnson*, we must be able to say, with some objective basis in the record, that the great weight and preponderance of the evidence contradicts the jury's verdict. *Id.* We must also discuss the evidence that, according to the appellant, most undermines the jury's verdict. *See Sims v. State*, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).

*Aggravated Robbery*

To prove that Aguilar is guilty of aggravated robbery as charged in the indictment, the State had to establish that Aguilar (1) committed a robbery as defined in section 29.02; and (2) caused bodily injury to a person 65 years of age or older. TEX. PENAL CODE ANN. § 29.03(a) (Vernon 2003). A person commits a robbery if, "in the course of committing theft as defined in Chapter 31 and with intent to obtain or maintain control of the property, he: (1) intentionally, knowingly, or recklessly causes bodily injury to another; or (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death." *Id.* § 29.02(a). The Penal Code defines theft as unlawfully appropriating property with intent to deprive the owner of the property. *Id.* § 31.03 (Vernon 2003 & Supp.2007). Bodily injury is "physical pain, illness, or any impairment of physical condition." *Id.* § 1.07(8). This definition is broadly construed to include "even relatively minor physical contacts so long as they constitute more than mere offensive touching." *Lane v. State*, 763 S.W.2d 785, 786 (Tex.Crim.App.1989). In the case of aggravated robbery, the bodily injury element is satisfied when "vi-

olence is clearly perpetrated against another for the purpose of . . . preventing or overcoming resistance to theft." *Id.* at 787 (internal quotations omitted).

■ A fact finder may infer that a victim actually felt or suffered physical pain. *Randolph v. State,* 152 S.W.3d 764, 773–74 (Tex.App.-Dallas 2004, no pet.). Further, pain is not the only element of bodily injury; the statutory definition of bodily injury also includes "impairment of physical condition." TEX. PENAL CODE ANN. § 1.07(a)(8). Rivera testified that Aguilar struck him on the head after Rivera refused to abandon his car. He further testified that at the moment that Aguilar struck him, he did not feel any pain or fear, and that he "must have been out of it." Rivera also testified that after being hit, and fearing further violence, he attempted to run away, but became dizzy and fell in the grass nearby.[1] By the time his wife arrived at the scene, Rivera was in pain, and agreed to go to the hospital for treatment. He testified that he had a lump on his head and that the injury continued to hurt for approximately two weeks.

■ Aguilar asserts that because Rivera recalled feeling no pain at the moment of impact, he did not suffer bodily injury, as required to support a conviction for aggravated robbery. Juries, however, are free to "use common sense and apply common knowledge, observation, and experience gained in the ordinary affairs of life when giving effect to the inferences that may reasonably be drawn from the evidence." *Taylor v. State,* 71 S.W.3d 792, 795 (Tex. App.-Texarkana 2002, pet. ref'd). This includes inferring physical pain from the altercation itself even without direct evidence. *See Wawrykow v. State,* 866 S.W.2d 96, 99–100 (Tex.App.-Beaumont 1993, no pet.) (holding "bodily injury" element of assault charge was supported by police officer's testimony that defendant jumped on officer's back and hit officer in head with her fists as officers attempted to place defendant's father under arrest, even though no direct evidence that defendant's blows caused officer physical pain or impairment). Rivera testified that he, in fact, was in pain by the time his wife arrived at the scene and that he suffered from pain for approximately two weeks after the robbery. Based on Rivera's testimony, a rational juror could have therefore concluded that Rivera suffered bodily injury as a result of Aguilar striking Rivera. We thus hold that the evidence is legally and factually sufficient to support the verdict. *See Taylor,* 71 S.W.3d at 795 (suggesting that if conflicting inferences exist, we must presume the jury resolved them in favor of the prosecution). We overrule Aguilar's second and third issues.

## Jury Charge

■ In his first issue, Aguilar contends that the trial court erred in denying his request for a jury charge instruction on the lesser-included offense of assault as defined by section 22.01(a)(3). *See* TEX. PEN.CODE ANN. § 22.01(a)(3) (Vernon 2003 & Supp.2007). The State responds that assault as defined in section 22.01(a)(3) is not a lesser-included offense of aggravated robbery as it charged Aguilar in this indictment or, alternatively, that the record contains no evidence to support the sub-

---

1. We note that Texas Penal Code § 29.03(a)(3) states that one commits an aggravated robbery when one "causes bodily injury to another person or *threatens or places another person in fear of imminent bodily inju-* ry" (emphasis added) but that the State's indictment was only for "intentionally or knowingly caus[ing] bodily injury." *See* TEX. PEN.CODE ANN. § 29.03(a)(3) (Vernon 2003).

mission of section 22.01(a)(3) as a lesser-included offense.

"When reviewing charge errors, an appellate court must undertake a two-step review: first, the court must determine whether error actually exists in the charge, and second, the court must determine whether sufficient harm resulted from the error to require reversal." *Abdnor v. State*, 871 S.W.2d 726, 731–32 (Tex. Crim.App.1994). We use a two-pronged test to determine whether a defendant is entitled to an instruction on a lesser-included offense. *See Guzman v. State*, 188 S.W.3d 185, 188 (Tex.Crim.App.2006); *Salinas v. State*, 163 S.W.3d 734, 741 (Tex. Crim.App.2005). The first step is to determine whether an offense is a lesser-included offense of the alleged offense. *Hall v. State*, 225 S.W.3d 524, 535 (Tex.Crim.App. 2007); *Salinas*, 163 S.W.3d at 741. This determination is a question of law, and it does not depend on the evidence to be produced at the trial. *Hall*, 225 S.W.3d at 535.

An offense is a lesser-included offense if:

(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4) it consists of an attempt to commit the offense charged or an otherwise included offense.

TEX.CODE CRIM. PROC. ANN. art. 37.09 (Vernon 2006). When the greater offense may be committed in more than one manner, the manner alleged will determine the availability of lesser-included offenses. *Hall*, 225 S.W.3d at 531.

The second step is to determine if there is some evidence that would permit a rational jury to find that the defendant is guilty of the lesser offense but not guilty of the greater. *Id.* at 536; *Salinas*, 163 S.W.3d at 741; *Feldman v. State*, 71 S.W.3d 738, 750 (Tex.Crim.App. 2002). Anything more than a scintilla of evidence may be sufficient to entitle a defendant to a charge on the lesser offense. *Hall*, 225 S.W.3d at 536. "[I]t is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense, but rather, there must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted." *Hampton v. State*, 109 S.W.3d 437, 441 (Tex.Crim. App.2003). We review all evidence presented at trial to make this determination. *Rousseau v. State*, 855 S.W.2d 666, 673 (Tex.Crim.App.1993). If the evidence raises the issue of a lesser-included offense, a jury charge must be given based on that evidence, "whether produced by the State or the defendant and whether it be strong, weak, unimpeached, or contradicted." *Id.* at 672 (quoting *Bell v. State*, 693 S.W.2d 434, 442 (Tex.Crim.App.1985)).

The indictment reads:

"David Louis Aguilar ... did then and there unlawfully, while in the course of committing theft of property owned by Michael Rivera and with intent to obtain and maintain control of the property, intentionally and knowingly cause bodily injury to Michael Rivera, a person at least sixty-five years of age by striking Michael Rivera in the head with his hand."

The trial court instructed the jury on aggravated robbery under Texas Penal Code section 29.03 and denied Aguilar's request for an instruction on assault by offensive contact.

The first step in our analysis is to determine if assault by offensive contact is a lesser-included offense of aggravated robbery. *See Hall,* 225 S.W.3d at 535. This determination requires us to compare "the elements of the offense as they are alleged in the indictment or information with the elements of the potential lesser-included offense." *Id.* at 535–36. The statutory elements of aggravated robbery as modified by the allegations in the indictment are:

(1) the appellant

(2) while in the course of committing theft of property and

(3) with intent to obtain and maintain control of the property

(4) intentionally and knowingly

(5) caused bodily injury (by striking the person in the head with his hand)

(6) to a person at least sixty-five years of age

We then compare these elements with the elements of the lesser-included offense of assault by offensive contact that could be included in that offense:

(1) the appellant

(2) intentionally or knowingly

(3) caused physical contact with another

(4) when appellant knew or should have reasonably believed that the other would regard the contact as offensive or provocative.

TEX. PEN.CODE ANN. § 22.01(a)(3). We then ask whether the elements of the lesser-included offense are established by proof of the same or less than all the facts required to establish the commission of the offense charged. *Hall,* 225 S.W.3d at 536. The answer is that they are not. The facts required to prove assault include two that are not the same as, or less than, those required to establish the aggravated robbery: that the contact was offensive or provocative and that Aguilar knew or should have known that the contact was offensive or provocative. The evidence at trial may show these elements, but assault by offensive contact is not established by the same or lesser proof required to prove aggravated robbery; it requires additional facts proving that the accused knew or should have known that the other would regard the conduct as offensive or provocative. We note that this is not a case that comes within article 37.09(3), in which the lesser-included offense differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission. *See* TEX.CODE CRIM. PROC. ANN. art. 37.09(3). While assault by offensive contact has one of the same mental states as aggravated robbery—intentional and knowing—it also requires proof of an additional mental state that aggravated robbery does not: that the accused knew or should have known the contact was offensive. *See Ramos v. State,* 981 S.W.2d 700, 701 (Tex.App.-Houston [1st Dist.] 1998, no pet.) (holding that assault by offensive contact is not a lesser-included offense of sexual assault or indecency with a child because assault requires proof that the defendant knew or reasonably believed that the complainant would regard the contact as offensive and neither of the offenses required such proof). Because of this additional requirement, offensive contact is not a lesser-included offense of aggravated robbery.

Aguilar also contends that he is entitled to the lesser-included offense instruction because "the Complainant himself testified that he did not feel 'pain' when Appellant allegedly struck him. Thus, there is clearly some evidence in the record that the

Complainant did not suffer 'bodily injury' as defined in the Penal Code, but rather the 'less serious injury or risk of injury' of 'offensive or provocative physical contact' under Article 37.09(2)." Article 37.09(2) states that an offense is a lesser-included offense if "it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person ... suffices to establish its commission." TEX.CODE CRIM. PROC. ANN. art. 37.09(2). As discussed above, assault by offensive conduct does not differ from aggravated robbery only in the respect that a less serious injury suffices to establish its commission. Aggravated robbery and assault by offensive contact require proof of different elements. Even if Rivera did not feel pain—a contention that is not supported by the evidence—the State would still be required to prove that Aguilar knew or should have known that he caused offensive or provocative contact. Because a less serious injury is not the only difference between the two offenses, article 37.09(2) does not apply. We therefore hold that Aguilar was not entitled to an instruction on the lesser-included offense of assault and overrule Aguilar's first issue.

### Conclusion

We hold that the evidence is legally and factually sufficient to support the verdict. We further hold that the trial court did not err in denying Aguilar's requested jury charge. We therefore affirm the judgment of the trial court.