Opinion to: SR TJ EVK ERA GCH LCH JB JS MM TGT

















Opinion
issued September 24, 2009

                                                                                                                                                                                                                                                                                                                                                                        

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO.   01-08-00669-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



Dan Barnett, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 

 



On Appeal from the 262nd District Court

Harris County, Texas

Trial Court Cause No. 1098655

 



MEMORANDUM opinion

A jury convicted appellant, Dan
Barnett, of the aggravated robbery of his 65-year-old mother, and the trial
court assessed punishment at twenty-three years in prison.[1]  In his sole issue on appeal, Barnett
complains that the evidence of bodily injury is factually insufficient to
support his conviction.  We affirm. 

BACKGROUND

Complainant,
Annie Smith, drove home to find appellant, her son, standing at the back of her
garage.  Appellant informed complainant
that he smelled smoke and suggested that they check under the hood of her
car.  Appellant then asked her to open
the car’s trunk, but she refused.  Fearing
that appellant was delusional,[2]
complainant, in an effort to leave, got back in the car, locked the door, and
tried unsuccessfully to start the car.  

Stepping closer to the car, appellant
told complainant that he thought that she was “someone else” and that he was
“going to get [her].”  He then punched
out one of the car’s windows with his fist, shattering the glass.  Glass fragments hit complainant, scratching
her and drawing blood.  Appellant continued
to punch through the broken window, trying to pull complainant out of the car.  Hearing her cries for help, three neighbors
came to her aid and, as one of them restrained appellant, complainant got out
of the car.  Appellant then drove off in
complainant’s vehicle without her permission.

Complainant
reported the incident to the Houston Police Department (“HPD”) later that day.  When complainant contacted HPD two weeks
later to follow up on her report, Officer K. Miles was dispatched to meet with
her.  Complainant told Officer Miles that
she was afraid to go home alone because she believed that her son was
there.  The officer then accompanied
complainant to her home where he observed appellant sitting in the driver’s
seat of the stolen car.  Appellant was
arrested and later indicted for aggravated robbery, with the indictment
alleging that, “while in the course of committing theft of property owned by
Annie Smith and with intent to obtain and maintain control of the property,”
appellant “intentionally and knowingly cause[d] bodily injury to Annie Smith, a
person of at least sixty-five years in age by scratching Annie Smith and
throwing Annie Smith to the ground.” 

Factual Sufficiency of the Evidence

In his sole point of error, appellant
asserts that the evidence is factually insufficient to support his conviction
for aggravated robbery because the complainant testified at trial that she was
unsure whether she suffered physical pain during the incident.  Specifically, appellant argues that
complainant’s testimony that she did not realize that she had been hit by the
shattered glass until after the incident was over casts doubt upon the
testimony of Officer Miles and complainant’s neighbors, thereby undermining the
jury’s verdict and rendering the verdict against the great weight and
preponderance of the evidence.    

 

A.      Standard of Review

When conducting a factual-sufficiency
review, we view all of the evidence in a neutral light.  Roberts
v. State, 220 S.W.3d 521, 524 (Tex. Crim. App. 2007) (citing Johnson
v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000)).  We will set the verdict aside only if (1) the
evidence is so weak that the verdict is clearly wrong and manifestly unjust or
(2) the verdict is against the great weight and preponderance of the evidence.  Johnson, 23 S.W.3d at 11.  Under the first prong of Johnson,
we cannot conclude that a conviction is “clearly wrong” or “manifestly unjust”
simply because, on the quantum of evidence admitted, we would have voted to
acquit had we been on the jury.  Watson v. State, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006).  Under the second prong of Johnson, we
cannot declare that a conflict in the evidence justifies a new trial simply
because we disagree with the jury’s resolution of that conflict.  Id.  Before concluding that evidence is factually
insufficient to support a verdict under the second prong of Johnson, we
must be able to say, with some objective basis in the record, that the great
weight and preponderance of the evidence contradicts the jury’s verdict.  Id.  

In conducting our review, we must be
cognizant of the fact that a jury has already passed on the facts and avoid
substituting our judgment for that of the jury. 
Lancon v. State, 253 S.W.3d 699, 704–05 (Tex. Crim. App. 2008).  The jury is the sole judge of the credibility
of the witnesses and the weight to be given their testimony, and may choose to
believe all, some, or none of the testimony presented.  Id. at
707.  We therefore afford almost
complete deference to a jury’s determination when that decision is based on an
evaluation of credibility.  Id. at 705. 
Unless the record clearly indicates that a different result is
appropriate, we must defer to the jury’s determination concerning the weight to
be given contradictory evidence.  Id. at 705.

 In conducting a factual-sufficiency review, we
also must discuss the evidence that, according to appellant, most undermines
the jury’s verdict.  Sims
v. State, 99 S.W.3d 600, 603 (Tex.
Crim. App. 2003).  We may not find
the evidence factually insufficient simply because we disagree with the
verdict, but only because the verdict represents a manifest injustice.  Watson, 204 S.W.3d
at 414.

B.            
Discussion

Appellant
asserts that
complainant’s testimony that she was uncertain if she experienced pain as a
result of the assault by her son conflicts with the testimony of other
witnesses.  According to appellant, this
contradictory evidence renders the verdict against the great weight and
preponderance of the evidence.    

Under
Texas law, a person commits the offense of aggravated robbery
if, in the course of committing theft and with intent to obtain or to maintain
control of the property, he causes bodily injury to another person, if the
other person is 65 years of age or older. Tex.
Penal Code Ann. §§ 29.02(a)(1), 29.03(a)(3)(A)
(Vernon 2003).  Bodily injury is defined as “physical pain, illness,
or any impairment of physical condition.” [3]  Tex. Penal
Code Ann. § 1.07(a)(8) (Vernon 2003).  The definition is broad and encompasses even
relatively minor physical contacts as long as they constitute more than mere
offensive touching.  Aguilar v. State,
263 S.W.3d 430, 433 (Tex.
App.—Houston [1st
Dist.] 2008, pet. ref’d) (citing Lane v. State, 763 S.W.2d 785, 786 (Tex. Crim.
App. 1989)).  

Additionally, jurors may presume that
an injured party actually felt or suffered physical pain.  Aguilar,
263 S.W.3d at 434.  Under Texas
law, juries may “use common sense and apply common knowledge, observation, and
experience gained in the ordinary affairs of life when giving effect to the
inferences that may reasonably be drawn from the evidence.”  Taylor v. State, 71 S.W.3d 792, 795 (Tex. App.—Texarkana 2002, pet. ref’d). 
Thus, they can assume physical pain from the altercation itself, even
without direct evidence.  See
Goodin v. State, 750 S.W.2d 857, 859 (Tex. App.—Corpus Christi
1988, pet. ref’d) (rejecting
contention that victim’s failure to testify that he felt pain necessitated
finding of factual insufficiency as to “bodily injury”; holding existence of
bruises and muscle strain sufficient to show bodily injury because jury could
draw inference from these injuries that victim suffered physical pain). 

In
the present case, the jury was presented with conflicting evidence regarding whether complainant experienced
physical pain as a result of her altercation with appellant.  Appellant
points to complainant’s
testimony that, when asked if it hurt when she was struck by glass from the
shattered window, she replied that she did not realize that she had been hit by
the glass fragments until later.  

Our review
of the record shows that, although complainant testified that she did not recall feeling any pain
during the incident, she also acknowledged, based upon her past experiences
that cuts deep enough to draw blood also cause pain.  Likewise, she testified that appellant
possibly hit her during the altercation, although she could not remember if it
had actually happened.[4]  Complainant’s neighbors also testified that
they saw appellant attacking her and heard her scream that appellant was
hurting her.

The record also reveals that,
although complainant denied during her testimony at trial that appellant
grabbed her or threw her to the ground, she admitted on cross-examination that
she had previously told Assistant District Attorney Anna Emmons that appellant had
hurt her wrists, caused bruises on her body, tried to choke her, and would have
killed her had the neighbors not stepped in. 
Officer Miles also testified that, approximately two weeks after the
incident, complainant told him that appellant had punched her in the face an
unknown number of times and had thrown her to the ground, and that she had
bruises and scratches on her upper body as a result of the altercation.  According to Miles, some of the complainant’s
scratches were still visible when he met with her.

Reviewing all of the evidence in a
neutral light, and giving deference to the jury’s determinations on credibility
and the weight to be given contradictory evidence, we conclude that the jury’s
verdict is not against the great weight and preponderance of the evidence.  See Lancon, 253 S.W.3d at 706.  We hold that the evidence is factually
sufficient to support appellant’s conviction and overrule appellant’s sole
point of error.

CONCLUSION

We affirm the judgment of the trial court.

 

 

 

 

 

                                                          Jim
Sharp

                                                          Justice

 

Panel consists of Justices Jennings,
Higley, and Sharp.

Do not publish.  Tex. R. App. P. 47.2(b).

 











[1]        See Tex.
Penal Code Ann. §§ 29.02(a)(1), 29.03(a)(3)(A)
(Vernon 2003).  

 





[2]        According
to evidence offered during the sentencing phase of the trial, appellant had a
long history of mental illness.  





[3]        There was no contention that complainant’s
physical condition was impaired or that she became ill as a result of her
altercation with appellant. Accordingly, the only type of “bodily injury” at
issue is “physical pain.”





[4]        Early in
her direct examination, the State obtained permission to treat complainant as a
hostile witness.  Complainant later
admitted that she loved appellant and did not want anything bad to happen to
him.