Opinion issued October 1, 2009








 






In The

Court of Appeals

For The

First District of Texas






NO. 01-08-00582-CR

____________


JOHN PAUL MCINTOSH, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 434th District Court

Fort Bend County, Texas

Trial Court Cause No. 46344






CONCURRING OPINION

 I write separately to address the burglary charge's omission of the element that
requires the State to prove that appellant, John Paul McIntosh, intentionally or
knowingly entered the habitation. Tex. PenAl Code Ann. § 30.02(a)(1) (Vernon
2003). The majority opinion erroneously holds the element of intentional or knowing
entry is unnecessary because the jury charge requires intent to commit assault at the
time of the entry. I disagree with the majority opinion because (A) Court of Criminal
Appeals decisions require proof the entry was intentionally or knowingly done, (B)
the majority opinion's omission of the element of intentional or knowing entry in a
burglary case now means trespass is no longer a lesser included offense of burglary,
(C) the majority opinion's omission of the element of intentional or knowing entry
in a burglary case now risks the conviction of innocent people, (D) decisions
pertaining to notice pleadings for indictments are inapplicable to proof requirements
required for criminal convictions, and (E) the majority opinion misapplies authority
on which it relies. 

 A. Court of Criminal Appeals Precedent Requires Culpable Mental State

 The majority opinion erroneously relies on a Court of Criminal Appeals 
decision that is an aberration from prior and later cases rendered by that court. See
Sylvester v. State, 615 S.W.2d 734,736 (Tex. Crim. App. 1981). In Sylvester, the
Court of Criminal Appeals upheld a jury charge that did not require intentional or
knowing entry because the charge included the element that the defendant entered the
building with intent to commit theft. Id. According to the court, "the charge required
the jury to find the requisite culpable mental state to sustain the conviction." Id. 
Although this decision has not been expressly overruled by the court, it is inconsistent
with Court of Criminal Appeals decisions rendered before and after Sylvester. See
DeVaughn v. State, 749 S.W.2d 62 (Tex. Crim. App. 1988); Day v. State, 532 S.W.2d
302 (Tex. Crim. App. 1975).

 Before Sylvester, the Court of Criminal Appeals determined that intentional or
knowing entry was a required element of burglary. The court stated, "[W]e hold that
to constitute the offense of burglary by committing a felony or theft, the proof must
show that the entry was either knowingly or intentionally done." Day, 532 S.W.2d
at 305 n.1 (emphasis added). 

 Sylvester departed from this precedent, but the Court of Criminal Appeals
boomeranged back when it stated, "Although no general culpable mental state is set
forth in the [burglary] statute, it is settled that the entry must be intentional or
knowing." DeVaughn, 749 S.W.2d at 64 n.3. In describing the ways burglary may
be committed, the court listed three types. Id. at 64-65. "First, the offense may be
committed by intentionally or knowingly entering a building or habitation not then
open to the public, without the effective consent of the owner and with the intent to
commit a felony or theft." Id. at 64 (emphasis added). "Second, one may commit
burglary by intentionally or knowingly remaining concealed in a building or
habitation, without the effective consent of the owner, and with the intent to commit
a felony or theft." Id. at 64-65 (emphasis added). "Finally, one may commit burglary
by intentionally and knowingly entering a building or habitation, without the
effective consent of the owner, and committing or attempting to commit a felony or
theft." Id. at 65 (emphasis added). As DeVaughn makes clear, the type of burglary
pleaded in this case requires 


 intentional or knowing entry into a building or habitation without
the effective consent of the owner, and


 


 entry with the intent to commit a felony or theft.


Id. 

 The Sylvester decision is a brief departure from the cases decided before and
after it that determine the element of intentional or knowing entry is required to prove
burglary. See Sylvester, 615 S.W.2d at 736. Because the Court of Criminal Appeals
has abandoned the Sylvester decision, we are not bound to followed it, and instead
should apply the more recent precedent recited in DeVaughn. DeVaughn, 749 S.W.2d
at 64 n.3. 

 B. Trespass is No Longer a Lesser Included Offense of Burglary

 If the majority opinion is correct that intentional or knowing entry is not an
element of burglary, then criminal trespass is no longer a lesser included offense of
burglary. An offense is a lesser-included offense of another offense "by comparing
the elements of the greater offense, as the State pled it in the indictment, with the
elements of the statute that defines the lesser offense." Littrell v. State, 271 S.W.3d
273, 276 (Tex. Crim. App. 2008). An offense is a lesser-included offense if:

 (1) it is established by proof of the same or less than all the facts
required to establish the commission of the offense charged;

 

 (2) it differs from the offense charged only in the respect that a less
serious injury or risk of injury to the same person, property, or
public interest suffices to establish its commission;

 

 (3) it differs from the offense charged only in the respect that a less
culpable mental state suffices to establish its commission; or

 

 (4) it consists of an attempt to commit the offense charged or an
otherwise included offense.


Tex. Code Crim. Proc. Ann. art. 37.09 (Vernon 2006); Aguilar v. State, 263 S.W.3d
430, 435 (Tex. App.--Houston [1 Dist.] 2008, pet. ref'd). If intentional or knowing
entry is required for criminal trespass, but intentional or knowing entry is not required
for burglary with intent to commit theft or a felony, then trespass is no longer a lesser
included offense of burglary because under this scenario trespass requires an
additional element not required by burglary. See Tex. Code Crim. Proc. Ann. art.
37.09; Littrell, 271 S.W.3d at 276.

 By changing the elements of burglary to exclude the intentional or knowing
entry, the majority opinion fails to follow Court of Criminal Appeals precedent that
states, "we hold that the offense of criminal trespass is a lesser included offense of all
three types of burglary." Day, 532 S.W.2d at 306. By omitting the element of
intentional or knowing entry from burglary, the majority opinion causes trespass to
no longer be a lesser included offense of burglary, in conflict with the precedent of
the Court of Criminal Appeals. See id.; Salazar v. State, 284 S.W.3d 874, 880 (Ct.
Crim. App. 2009) (holding trespass lesser included offense of burglary).

 C. Innocent People May Be Convicted

 Under the majority opinion, a defendant can be convicted of burglary if he has
no intent to enter the building or habitation. He will be convicted of burglary if he
is dragged into the habitation, falls into the habitation, or accidentally goes into the
habitation. A criminal conviction for accidental conduct is clearly not permitted by
the penal code or by the moral dictates of a civilized society. One of the basic
objectives of the penal code is to safeguard conduct that is without guilt from
condemnation as a criminal. Tex. Penal Code Ann. § 1.02(4) (Vernon 2003).

 The Court of Criminal Appeals has addressed a similar concern in the context
of unauthorized use of a motor vehicle. See McQueen v. State, 781 S.W.2d 600, 603
(Tex. Crim. App. 1989). In McQueen, the Court of Criminal Appeals stated,

 Since operating another's motor-propelled vehicle is not criminal by its
very nature this offense is not a "nature of conduct" type offense. Nor
is it a "result" type offense since the statute does not prohibit any
specific result of such operation. What makes the conduct unlawful is
that it is done under certain circumstances, i.e., without the owner's
permission. Therefore, unauthorized use of a motor vehicle is a
"circumstances" type offense, and the culpable mental state of
"knowingly" must apply to those surrounding circumstances.

 

Id. at 603. The court held the offense of unauthorized use of a motor vehicle
"encompasses two 'conduct elements', viz: that the defendant intentionally or
knowingly operated a vehicle (nature of conduct) knowing that such operation was
without the effective consent of the owner (circumstances surrounding conduct)." 
Id. at 604.

 Here, burglary is like unauthorized use of a motor vehicle in that it is not a
"nature of conduct" type offense because entry into a building or habitation is not
criminal by its very nature. See id. at 603. Similarly, the type of burglary at issue
here is not a "result" type offense since the statute does not prohibit any specific
result; a person can be guilty of burglary even though no theft or assault actually
occurs. See id. Burglary is a "circumstances" type offense because it is unlawful due
to the surrounding circumstances. See id. For a circumstances type offense, "the
culpable mental state of 'knowingly' must apply to those surrounding circumstances." 
Id. Like unauthorized use of a motor vehicle, the offense of burglary must encompass
the conduct elements that (1) the defendant intentionally or knowingly entered a
building or habitation (nature of conduct), and (2) without the effective consent of the
owner (1) and with the intent to commit theft or assault (circumstances surrounding
conduct). See id. at 604. The element of intent to commit theft or assault could never
properly replace the element of intentional or knowing entry because the entry is the
element pertaining to the nature of the conduct and the intent to commit theft or
assault is the element pertaining to the circumstances surrounding the conduct. D. Indictment Requirements Differ From Jury Instructions

 The majority opinion erroneously relies on precedent pertaining to notice
requirements for indictments: Teniente v. State, 533 S.W.2d 805 (Tex. Crim. App.
1976) and Ex Parte Santellana, 606 S.W.2d 331 (Tex. Crim. App. 1980). Notice
requirements for indictments are a different matter than proof requirements for
convictions. See Davila v. State, 547 S.W.2d 606, 609 (Tex. Crim. App. 1977)
(stating in context of theft, "Although the proof will involve proving up a theft or
attempted theft, the elements of the particular theft . . . or attempted theft . . . need not
be alleged in the indictment."). Although the pleadings need not include all the
elements of the theft or a felony when the burglary is charged under the theory that
the defendant entered with intent to commit theft or a felony, the jury instructions
must include all the elements of the theft or felony. See id.; see also Baldwin v. State,
538 S.W.2d 109, 111-12 (Tex. Crim. App.1976) (holding "Under the definitions of
burglary and theft contained in the V.T.C.A., Penal Code, effective January 1, 1974,
supra, although the proof will involve the necessity of establishing the intent to
commit the offense of theft . . . the constituent elements of the particular theft or
intended theft need not be alleged in an indictment or information for burglary with
intent to commit theft.") (emphasis added).

 E. Majority Opinion Misapplies Precedent

 The majority opinion states,

 In order to establish the commission of the offense of burglary of a
habitation, the evidence must show "that the entry was either knowingly
or intentionally done." DeVaughn v. State, 749 S.W.2d 62, 64 n.3 (Tex.
Crim. App. 1988). However, this "general culpable mental state is
subsumed into the specific intent to commit a felony, theft, or assault." 
Id.; Martinez v. State, 269 S.W.3d 777, 781-82 (Tex. App.--Austin
2008, no pet.).


The reference in Devaughn is to indictments, not jury instructions. Devaughn, 749
S.W.2d at 64 n.3 (Tex. Crim. App. 1988). The footnote to which the majority opinion
references states in its entirety,


 Although no general culpable mental state is set forth in the statute, it is
settled that the entry must be intentional or knowing. V.T.C.A. Penal
Code, § 6.02(b), (c); Baldwin v. State, 538 S.W.2d 109, 110-12 (Tex.
Crim. App.1976). Because this general culpable mental state is
subsumed into the specific intent required in the statute, an indictment
alleging an offense under § 30.02(a)(1) and (2), supra, is sufficient if it
alleges only that the entry was made "with the intent to commit a felony
or theft." Davila v. State, 547 S.W.2d 606, 608 (Tex. Crim. App. 1977).


Id. (Emphasis added). As explained in more detail above in section D, notice
requirements for indictments are different from proof requirements to convict a
person of a crime. Also, as explained in more detail above in section A, Devaughn
plainly lists the proof requirements for burglary, as requiring proof that the entry was
intentional or knowing, as well as proof that the defendant had the intent to commit
theft or assault. Id. at 65. The footnote cited by the majority opinion pertains to
notice requirements for indictments and cannot be read to avoid the substance of the
text in the body of the opinion.

 The majority opinion also cites to a decision by the Austin Court of Appeals.
See Martinez v. State, 269 S.W.3d 777, 781-82 (Tex. App.--Austin 2008, no pet.). 
Martinez discusses the gravamen of the offense of burglary in conducting a double
jeopardy analysis, but it does not address whether an instruction to the jury must
include the element of intentional or knowing entry in addition to the intent to commit
theft or a felony. See id.Conclusion

 I conclude the jury charge must include the element that the entry be intentional
or knowing because 


 Court of Criminal Appeals decisions require proof the entry was
intentionally or knowingly done;


 


 the absence of the element of intentional or knowing entry now
makes trespass not a lesser included offense of burglary;


 


 the absence of the element of intentional or knowing entry risks
convicting innocent people; and 


 


 the decisions pertaining to notice pleading for indictments are
inapplicable to jury charge requirements. 


 

 Although this charge was erroneous, appellant was not egregiously harmed by
the omission of the element of intentional or knowing entry because he admitted he
entered the habitation intentionally. Appellant received a mistake of fact instruction
that allowed the jury to acquit him if it believed his testimony that he entered to save
a child who was in danger in the house. See, e.g., McQueen, 781 S.W.2d at 601-05
(stating, "The mistake of fact was the defendant's erroneous belief that he had the
owner's consent to use the vehicle."). I would hold the charge was erroneous, but not
egregiously harmful. I, therefore, concur in the judgment affirming the conviction for
burglary.



 Elsa Alcala

 Justice


Panel consists of Justices Jennings, Alcala, and Higley.


Justice Alcala, concurring.


Publish. Tex. R. App. P. 47.2(b). 


1. Because appellant has not challenged the element concerning whether the defendant
must know he did not have the effective consent of the owner to enter the premises,
I do not focus on this matter, but make the following observation. To prove criminal
intent by the circumstances surrounding the conduct, McQueen requires that in an
unauthorized use of a motor vehicle case the defendant know that the use was without
the effective consent of the owner See McQueen v. State, 781 S.W.2d 600, 603 (Tex.
Crim. App. 1989). In a burglary case, however, criminal intent is shown by the intent
to commit theft or assault. Therefore, in a burglary case, unlike in an unauthorized
use of a motor vehicle case, it may not be necessary for the State to prove that the
defendant knew entry was without the effective consent of the owner because the
circumstances surrounding the conduct require proof that the defendant acted with the
intent to commit theft or assault.