**Affirmed and Memorandum Opinion filed May 22, 2014.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-13-00520-CR

**CLINTON CHRISTOPHER GRAHAM, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 338th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1355800**

## M E M O R A N D U M   O P I N I O N

Appellant Clinton Christopher Graham was convicted of the felony offense of aggravated robbery. *See* Tex. Penal Code § 29.03. Appellant pleaded true to two enhancement paragraphs, and the jury assessed punishment at confinement for 25 years. On appeal, appellant presents two issues, whether (1) the evidence is sufficient to uphold his conviction for aggravated robbery, and (2) there is a material variance between the State's indictment and the evidence at trial. We affirm.

## I. Factual and Procedural Background

Appellant was charged by indictment with aggravated robbery. The indictment alleged that appellant on or about July 27, 2012, did then and there unlawfully while in the course of committing theft of property owned by Marcelo Tome, and with intent to obtain and maintain control of the property, intentionally and knowingly cause bodily injury to Marcelo Tome, and appellant did then and there use and exhibit a deadly weapon, namely, a knife. The indictment included two enhancement paragraphs alleging appellant's prior convictions for possession of a controlled substance in 2004 and burglary of a habitation in 2009.

On July 27, 2012, at around 9:30 p.m. Marcelo Tome took his family to a Whataburger restaurant. As Tome was walking toward the restaurant, appellant approached him and said, "Give me 20 bucks." Tome told appellant he did not have cash, and tried to walk into the restaurant. Appellant came closer to Tome, pulled out a knife, pointed it at Tome, and said, "Give me everything you have." Tome started running away in an attempt to draw appellant away from his family who were still in the car. Appellant chased Tome to a busy intersection where Tome stopped to show appellant his empty wallet. As appellant moved to take the wallet, Tome attempted to grab the knife. A struggle ensued, and appellant attempted to stab Tome. Tome testified to two places where the knife made contact with his skin. Appellant then took Tome's wallet and ran away.

When asked by the prosecutor, Tome pulled up his shirt and showed the jury a scar, which was caused by the tip of appellant's knife. The prosecutor asked whether it hurt when he was stabbed and Tome responded, "Not too much because it's not too big. But I — in that moment, I didn't feel anything." Tome testified he was afraid for himself and his family. On cross-examination, at the request of defense counsel, Tome showed his arm to the jury.

Brian Quintana was inside Whataburger on the night of the offense. He observed appellant approach Tome, exhibit a knife, and demand money. Quintana heard Tome explain to appellant that he did not have any money and saw Tome and appellant run toward the busy intersection. Quintana also saw appellant jump into another restaurant drive-through window and hit the register demanding money. Quintana observed that Tome's arm was bleeding. On cross-examination, Quintana described Tome's injury as "a little cut."

## II. ANALYSIS

In his first issue appellant argues the evidence is insufficient to support his conviction for aggravated robbery. In his second issue, appellant argues there is a material variance between the State's indictment and the evidence at trial. We will address appellant's two issues together because claims of variance between the indictment and proof are to be treated as evidentiary insufficiency issues. *See Gollihar v. State*, 46 S.W.3d 243, 247 (Tex. Crim. App. 2001) citing *Carter v. Estelle*, 691 F.2d 777, 781–82 (5th Cir. 1982) (recognizing that "variances . . . are not regarded as mere trial error by the Texas courts but as evidentiary sufficiency.").

"In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt." *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013); *see Jackson v. Virginia*, 443 U.S. 318–19, (1979). The jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Winfrey*, 393 S.W.3d at 768. The jury may accept one version of the facts and reject another, and it may reject any part of a witness's

3

testimony. *See Margraves v. State*, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000), *overruled on other grounds, Laster v. State*, 275 S.W.3d 512 (Tex. Crim. App. 2009). In conducting this review, we are not to re-evaluate the weight and credibility of the evidence, but must act only to ensure the jury reached a rational decision. *Muniz v. State*, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993). "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Sorrells v. State*, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011).

Appellant was charged with the offense of aggravated robbery by "unlawfully while in the course of committing theft of property owned by MARCELO TOME, and with intent to obtain and maintain control of the property, INTENTIONALLY AND KNOWINGLY CAUS[ING] BODILY INJURY TO MARCELO TOME, and . . . us[ing] and exhibit[ing] a deadly weapon, namely, A KNIFE." *See* Tex. Penal Code §§ 29.02 & 29.03. The jury found appellant guilty as charged in the indictment.

Appellant does not challenge the findings that he committed theft and used and exhibited a deadly weapon. Rather, appellant challenges the finding that he intentionally and knowingly caused bodily injury to the complainant. Bodily injury is defined as, "physical pain, illness, or any impairment of physical condition." Tex. Penal Code § 1.07(8). This definition is broadly construed to include "even relatively minor physical contacts so long as they constitute more than mere offensive touching." *Lane v. State*, 763 S.W.2d 785, 786 (Tex. Crim. App. 1989). In the case of aggravated robbery, the bodily injury element is satisfied when violence is clearly perpetrated against another for the purpose of preventing or overcoming resistance to theft. *Id.* at 787.

"A fact finder may infer that a victim actually felt or suffered physical pain

4

because people of common intelligence understand pain and some of the natural causes of it." *Garcia v. State*, 367 S.W.3d 683, 688 (Tex. Crim. App. 2012). Further, pain is not the only element of bodily injury; the statutory definition of bodily injury also includes "impairment of physical condition." Tex. Penal Code § 1.07(a)(8); *Aguilar v. State*, 263 S.W.3d 430, 434 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd).

Appellant asserts that because Tome did not recall feeling pain at the time of the robbery, and he did not report to the responding police officers that he was injured, he did not suffer bodily injury as required to support a conviction for aggravated robbery. Juries, however, are free to "use common sense and apply common knowledge, observation, and experience gained in the ordinary affairs of life when giving effect to the inferences that may reasonably be drawn from the evidence." *Aguilar*, 263 S.W.3d at 434, *quoting Taylor v. State*, 71 S.W.3d 792, 795 (Tex. App.—Texarkana 2002, pet. ref'd). This includes inferring physical pain from the altercation itself even without direct evidence. *See Wawrykow v. State*, 866 S.W.2d 96, 99–100 (Tex. App.—Beaumont 1993, no pet.).

In this case, although Tome testified he did not feel pain "at the moment," the jury saw scars from the two knife wounds appellant inflicted at the time. The eyewitness, Quintana also testified that Tome received "a little cut" and was bleeding from his arm. Based on the testimony and the jury's view of appellant's injuries, a rational juror could have concluded that Tome suffered bodily injury as a result of appellant striking him with a knife. Therefore, we conclude a rational jury could have found beyond a reasonable doubt that appellant committed the offense of aggravated robbery. We overrule appellant's two issues.

Accordingly, having overruled appellant's issues, we affirm the trial court's judgment.


/s/     Marc W. Brown
        Justice


Panel consists of Chief Justice Frost and Justices Donovan and Brown.
Do Not Publish — TEX. R. APP. P. 47.2(b).