**Opinion issued August 11, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00689-CR

———————————

**FRANK SHAUN CASTRO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Court at Law No. 3**
**Galveston County, Texas**
**Trial Court Case No. MD-0337638**

---

## MEMORANDUM OPINION

Frank Shaun Castro appeals his conviction for assault by causing bodily harm.[1] In two issues, he contends that (1) the evidence is insufficient to support the conclusion that he caused bodily harm and (2) the trial court's assessment of

---

[1] TEX. PENAL CODE ANN. § 22.01(a)(1) (West 2011).

attorney's fees against him was improper because he is indigent. We modify the judgment and affirm.

## Background

The State charged Castro with assaulting his girlfriend, Melissa Muongkhot. At trial, Muongkhot described Castro hitting her, choking her, and slamming her chin into an ironing board. The State also introduced photographs of Muongkhot's bloodshot left eye and bruises on Muongkhot's arms, collarbone, chin, and neck.

Castro testified that he did not assault Muongkhot; instead, she bruised herself moving furniture. He stated that he did not know how her left eye was injured. Two other defense witnesses testified that Muongkhot's bruises came from moving furniture.

Before trial, the court determined that Castro was indigent. He proceeded pro se. The jury convicted Castro; he timely appealed. The trial court again found Castro indigent after he filed this appeal and appointed him appellate counsel.

## Sufficiency of the Evidence

In his first issue, Castro contends that there is insufficient evidence that he caused Muongkhot's bodily injury.

### A. Standard of review

We review a challenge to the sufficiency of the evidence under the standard announced in *Jackson v. Virginia*, 443 U.S. 307, 318–20, 99 S. Ct. 2781, 2788–89

2

(1979). *See Brooks v. State*, 323 S.W.3d 893, 894–95 (Tex. Crim. App. 2010). Under the *Jackson* standard, evidence is insufficient to support a conviction if, considering all of the record evidence in the light most favorable to the verdict, no rational factfinder could have found that each essential element of the charged offense was proven beyond a reasonable doubt. *Jackson*, 443 U.S. at 317–19, 99 S. Ct. at 2788–89; *Laster v. State*, 275 S.W.3d 512, 517–18 (Tex. Crim. App. 2009). We consider both direct and circumstantial evidence and all reasonable inferences that may be drawn from the evidence in making our determination. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

The *Jackson* standard defers to the factfinder to resolve any conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from "basic facts to ultimate facts." *Jackson*, 443 U.S. at 318–19, 99 S. Ct. at 2788–89; *Clayton*, 235 S.W.3d at 778. We presume that the factfinder resolved any conflicts in the evidence in favor of the verdict and defer to that resolution, provided that the resolution is rational. *See Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793.

Evidence is insufficient when (1) the record contains no evidence, or merely a "modicum" of evidence, probative of an element of the offense, (2) the evidence conclusively establishes a reasonable doubt, or (3) the acts that the State alleges, if true, do not constitute the charged crime. *Kiffe v. State*, 361 S.W.3d 104, 107–08 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd); *see Jackson*, 443 U.S. at 314–

3

19, 99 S. Ct. at 2786–89; *see also Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). If an appellate court finds the evidence to be insufficient under this standard, it must reverse the judgment and enter an order of acquittal. *See Tibbs v. Florida*, 457 U.S. 31, 41, 102 S. Ct. 2211, 2217 (1982).

## B.     Sufficiency of the evidence

A person commits assault causing bodily injury when he "intentionally, knowingly, or recklessly causes *bodily injury* to another." TEX. PENAL CODE ANN. § 22.01(a)(1) (West 2011) (emphasis added). "'Bodily injury' means physical pain, illness, or any impairment of physical condition." *Id.* § 1.07(a)(8) (West 2011). The definition is "purposefully broad and seems to encompass even relatively minor physical contacts so long as they constitute more than mere offensive touching." *Lane v. State*, 763 S.W.2d 785, 786 (Tex. Crim. App. 1989). Castro contends that the evidence is insufficient to support the conclusion that he caused bodily injury.

Muongkhot's testimony described Castro hitting and pushing her. Three times, the State asked Muongkhot, "[H]ow did you feel . . . ?" or "[H]ow did it feel . . . ?" after receiving a particular blow from Castro. Each time, Muongkhot responded that it "hurt." Two out of three times, she also mentioned that she was "stunned." Castro argues that this testimony is "no evidence that [Muongkhot] suffered physical pain" because it only shows that "Muongkhot suffered emotional

4

pain [because] she testified [that Castro's] conduct stunned her and made her feel hurt." We disagree.

Muongkhot testified that when Castro first struck her "[i]t hurt. I was stunned." She then told the jury that Castro "would just hit me one after another . . . . He punched me several times, numerous times in the head, chest, arms . . . . It hurt. I was very stunned. I didn't know what was going on. I mean, at one point he did choke me." Finally, Castro "shoved the ironing board on my chin. . . . That hurt. I screamed." She testified that he continued hitting and choking her while asking if she had cheated on him. "[E]very time I told him no, [Castro] would squeeze my neck harder and harder every time."

Although Muongkhot never said that her pain was *physical*, she never limited it to mere hurt feelings. Muongkhot's testimony that she "hurt" and her description of Castro punching her head, chest, and arms, choking her "harder and harder every time," and shoving her chin against an ironing board support the conclusion that Muongkhot felt physical pain. *See Aguilar v. State*, 263 S.W.3d 430, 434 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd) ("A fact finder may infer that a victim actually felt or suffered physical pain."). Other Texas courts have held similar evidence to be sufficient to support a finding of bodily harm even without direct testimony of physical pain. *See, e.g.*, *Harris v. State*, 164 S.W.3d 775, 785 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (evidence of scratch

5

on complainant's collarbone and testimony "that appellant punched her on the shoulder, pushed her on the couch, and started choking her" was sufficient evidence of bodily injury); *Felder v. State*, No. 03-13-00707-CR, 2014 WL 7475237, at *3 (Tex. App.—Austin Dec. 19, 2014, no pet.) (mem. op., not designated for publication) (holding that eyewitness description of defendant choking complainant was "sufficient to prove that appellant caused . . . either physical pain or impairment of her physical condition.").

Finally, the State introduced photographs of Muongkhot's bloodshot left eye and bruises on Muongkhot's arms, collarbone, chin, and neck. Although the photographs appear to strengthen the State's case, Castro argues that the photographed injuries are inconsistent with Muongkhot's testimony because (1) Muongkhot had a bloody eye but "never testified that she was struck in the eye," (2) the back of Muongkhot's arm was bruised but she "never testified she was hit on the back of the arm near the elbow," (3) Muongkhot's collarbone was bruised but she "never testified that Appellant struck her collarbone," (4) Muongkhot testified that she was choked but "[t]here are not any marks or injuries to the neck or ear area upon a rational review of the photographs," and (5) Muongkhot's chin bruise "does not reasonably appear to be . . . from being struck by an ironing board to the chin as described. There is no injury to the nose, cheeks, lips or neck."

Castro concedes, correctly, that we assume the jury resolved any conflicts in the evidence in favor of the verdict and defer to that resolution if it is rational. *See Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793. But he argues that the photographs conflict with Muongkhot's testimony so completely that no rational jury would believe Muongkhot's testimony. We disagree. Although Muongkhot did not testify to receiving blows at the *exact* location of certain photographed injuries—the collarbone, back of the arm, and left eye—she did testify that Castro hit her in the chest, arms, and head. Further, the photographs show redness around her neck.

Muongkhot's testimony does not so completely conflict with her photographed injuries as to render the jury's presumed resolution of the evidence irrational. Thus we defer to it. We conclude that the photographs of Muongkhot's injuries, her description of Castro's assault, and her statement that she "hurt" are sufficient evidence that Castro caused bodily injury. Accordingly, we overrule Castro's first issue.

## Attorney's Fees

In his second issue, Castro contends that the trial court erred by assessing attorney's fees against him because he is indigent. The State concedes the issue.

An indigent defendant is entitled to free legal representation in criminal proceedings. TEX. CODE CRIM. PROC. ANN. art. 1.051 (West Supp. 2014). Once the court determines that a defendant is indigent, the defendant is presumed to remain

indigent for the duration of the proceedings. *Id.* art. 26.04 (West Supp. 2014); *Cates v. State*, 402 S.W.3d 250, 251–52 (Tex. Crim. App. 2013). A material change in the defendant's financial circumstances must occur to overcome this presumption. TEX. CODE CRIM. PROC. ANN. art. 26.04; *Cates*, 402 S.W.3d at 251–52. If the trial court later finds that the defendant has resources to pay the court-appointed attorney's fees, the court may order the defendant to do so. TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2014).

Castro should not have been assessed attorney's fees. Castro was found to be indigent before trial and again shortly after filing this appeal. There is no record evidence that Castro's financial circumstances have materially changed. Accordingly, we sustain Castro's second issue.

## Conclusion

We modify the trial court's judgment by striking the assessment of attorney's fees against Castro, and we affirm the judgment as modified.

Harvey Brown
Justice

Panel consists of Justices Jennings, Bland, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).