**Affirmed and Opinion Filed August 4, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00890-CR**

**TIMOTHY WADE PEGUE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 2**
**Rockwall County, Texas**
**Trial Court Cause No. CR2-21-0357**

# MEMORANDUM OPINION

Before Justices Partida-Kipness, Reichek, and Miskel
Opinion by Justice Partida-Kipness

In one issue, appellant Timothy Wade Pegue challenges his conviction for assault causing bodily injury to a family member. *See* TEX. PENAL CODE § 22.01(a)(1). We affirm.

## BACKGROUND

Royce City police officers were called out to the Pegue residence on February 4, 2021. Sharon Pegue, Timothy Wade Pegue's sister, made the call to 911 to report a physical altercation between Pegue and her sister-in-law, Ladonya. Sharon stated Pegue attacked Ladonya as she attempted to break up the altercation.

Officer John Bivins arrived at the scene and briefly made contact with Ladonya. The State moved to admit Officer Bivins's body camera footage from the evening. Pegue objected the statements made by Ladonya on the video were hearsay. The State responded by arguing the statements were exceptions to the hearsay rule as present sense impressions, excited utterances, and statements for medical treatment. The trial court overruled Pegue's objection, ruling the statements were exceptions to the hearsay rule and nontestimonial in nature.

Officer Bivins testified he was not aware Ladonya was the victim until she told him Pegue assaulted both her and Sharon. Officer Bivins observed three to four large knots on Ladonya's forehead personally and believed those type of injuries would have caused Ladonya pain. He entered the residence and encountered Pegue, who stated he had a verbal disturbance between Ladonya and himself. Pegue said he told Ladonya to leave and attempted to force her out of the home. Pegue stated at some point, Ladonya hit her head on the table.

Detective Cindy Carr also was present at the scene. She explained she spoke with Ladonya and observed large knots of her head she believed "looked painful." Detective Carr stated Ladonya was upset and crying, but refused medical treatment when it was called out. Detective Carr agreed she does not know who instigated the fight but she believed it was Pegue based on the investigation conducted. Detective Carr also testified Pegue was uncooperative while being arrested and almost had to be "tazed."

Eric Moody, the administrator for the Rockwall County Jail phone system, testified regarding jail phone calls Pegue made. The morning following his arrest, Pegue stated on two different jail calls, that he "beat the b* up," "she got it good," and "she had knots all over her head" while laughing.

The State provided testimony from expert witness Sara Campos, an assistant clinical director at the Genesis Women's Shelter and Support. Campos explained to the jury how victims of domestic violence often feel they will not be believed when reporting abuse and have fear and blame in the situation. Prior to Campos's testimony, Pegue introduced an affidavit of non-prosecution signed by Ladonya in this case. Ladonya did not testify.

The jury found Pegue guilty of assault as charged. After he pleaded true to an enhancement paragraph, the trial court made an affirmative finding of family violence and sentenced Pegue to 210 days in the Rockwall County Jail. This appeal followed.

## ANALYSIS

In his sole issue, Pegue argues the evidence was insufficient to support the conviction for assault. Pegue alleges without Ladonya's testimony regarding any pain suffered, no rational juror could have found bodily injury was proved beyond a reasonable doubt.

We review a sufficiency challenge by considering all of the evidence in the light most favorable to the verdict and determine, based on the evidence and

reasonable inferences therefrom, a rational jury could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979); *Matlock v. State*, 392 S.W.3d 662, 667 (Tex. Crim. App. 2013); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). We defer to the fact finder's credibility and weight determinations because the fact finder is the sole judge of the witnesses' credibility and the weight to be given to their testimony. *See Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013). We presume the factfinder resolved any conflicting inferences in favor of the verdict, and we defer to its resolution. *Brooks*, 323 S.W.3d at 922. The fact finder can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Evidence is sufficient if "the inferences necessary to establish guilt are reasonable based upon the cumulative force of all the evidence when considered in the light most favorable to the verdict." *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012).

The essential elements of the offense are those as defined by the hypothetically correct jury charge for the case. *Hernandez v. State*, 556 S.W.3d 308, 315 (Tex. Crim. App. 2017); *McCall v. State*, 635 S.W.3d 261, 272 (Tex. App.—Austin 2021, pet. ref'd). A hypothetically correct jury charge reflects the governing

–4–

law, the indictment, the State's burden of proof and theories of liability, and an adequate description of the offense for the particular case. *Hernandez*, 556 S.W.3d at 308. It includes the statutory elements of the offense as modified by the indictment. *See id.* at 312–13; *Johnson v. State*, 364 S.W.3d 292, 294 (Tex. Crim. App. 2012). The relevant elements here are (1) Pegue intentionally, knowingly, or recklessly (2) caused bodily injury to the complainant. TEX. PENAL CODE § 22.01(a)(1).

"Bodily injury" means "physical pain, illness, or any impairment of physical condition." *Id.* § 1.07(a)(8). Any physical pain, however minor, suffices to establish bodily injury. *Garcia v. State*, 367 S.W.3d 683, 688 (Tex. Crim. App. 2012). A factfinder may infer a victim actually suffered physical pain, and no witness– including the victim–need testify the victim felt pain. *Coleman v. State*, 631 S.W.3d 744, 751 (Tex. App.—Houston [14th Dist.] 2021, pet. ref'd). A factfinder is "free to 'use common sense and apply common knowledge, observation, and experience gained in the ordinary affairs of life when giving effect to the inferences that may reasonably be drawn from the evidence.'" *Aguilar v. State*, 263 S.W.3d 430, 434 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd) (quoting *Taylor v. State*, 71 S.W.3d 792, 795 (Tex. App.—Texarkana 2002, pet. ref'd)). Thus, a "fact finder may infer that a victim actually felt or suffered physical pain because people of common intelligence understand pain and some of the natural causes of it." *Garcia v. State*,

367 S.W.3d 683, 688 (Tex. Crim. App. 2012). This includes inferring physical pain from an altercation itself even without direct evidence. *Aguilar*, 263 S.W.3d at 434.

Pegue argues because Ladonya did not testify, there was no way to establish she felt pain. However, the State provided evidence of "pain" through the other witnesses who testified. Officer Bivins and Detective Carr both encountered Ladonya and observed large knots on her head. Both officers, through their training and experience, as well as common knowledge, opined the knots would have caused Ladonya pain. The jury also saw the body camera footage that showed Ladonya's injuries, as well as photographs of her head showing the knots admitted into evidence. Even the jail calls Pegue placed where he stated he beat Ladonya up to the point she had "knots all over her head" show he was aware of the injuries he caused.

Based on the evidence provided, the jury could have reasonably used its common sense and common knowledge to draw the inference that the injuries Ladonya suffered during the assault caused her pain. The evidence was sufficient to support Pegue's conviction for assault. We overrule Pegue's sole issue.

## CONCLUSION

Based on the record before us, we find the evidence sufficient and overrule Pegue's issue. We affirm the trial court's judgment.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

220890f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b).

–6–



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

TIMOTHY WADE PEGUE,
Appellant

No. 05-22-00890-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 2, Rockwall County, Texas Trial Court Cause No. CR2-21-0357. Opinion delivered by Justice Partida-Kipness. Justices Reichek and Miskel participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 4th day of August 2023.