Billy Doyne ACTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 51081.

Court of Criminal Appeals of Texas.

Dec. 10, 1975.

Rehearing Denied Jan. 9, 1976.

V. G. Kolius, Amarillo, for appellant.

Randall Sherrod, Dist. Atty., Wesley G. Clayton, Asst. Dist. Atty., Canyon, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from an order revoking probation. On February 8, 1973, the appellant entered a plea of guilty to the felony offense of driving while intoxicated, and the court assessed punishment at imprisonment for 3 years. The imposition of sentence was suspended and the appellant was placed on probation subject to certain conditions of probation, among which were:

> "(1) Commit no offense against the laws of this or any other state or of the United States;
>
> ". . .
>
> "(10) Abstain from drinking intoxicating beverages."

On March 25, 1975, the State filed a motion to revoke probation alleging that the appellant had violated the aforesaid conditions (1) and (10) as follows:

> "(1) On or about the 20th day of March, 1975, in Randall County, Texas, the said BILLY DOYNE ACTON did then and there unlawfully drive and operate a motor vehicle, to-wit: an automobile, upon a public road and highway, situated within said County and State, while the said BILLY DOYNE ACTON was then and there intoxicated and under the influence of intoxicating liquor.
>
> "(10) On or about the 20th day of March, 1975, in Randall County, Texas, the said BILLY DOYNE ACTON did then and there drink intoxicating beverages."

The court found that the appellant had violated condition (10) in that he had consumed intoxicating beverages. Appellant contends that the trial court abused its discretion in revoking his probation for the reason that "the evidence is insufficient as a matter of law to show that [he] consumed any alcoholic beverage in Randall County. The thrust of this argument is that since the motion to revoke probation alleged that the appellant consumed intoxicating beverages in *Randall County*, the State was required to prove that appellant consumed intoxicating beverages in *Randall County*. The State did not prove that the appellant drank the alcoholic beverages in Randall County.

It has been repeatedly held that where revocation is based upon a violation of the probationary condition not to violate the law the allegations of the motion to revoke probation need not be as precise as those of an indictment, but should give fair notice and allege a violation of the law. *Campbell v. State*, 456 S.W.2d 918 (Tex.Cr. App.1970); *Jansson v. State*, 473 S.W.2d 40 (Tex.Cr.App.1971); *Gamble v. State*, 484 S.W.2d 713 (Tex.Cr.App.1972); *Vance v. State*, 485 S.W.2d 580 (Tex.Cr.App.1972); *Kuenstler v. State*, 486 S.W.2d 367 (Tex.Cr. App.1972).

The condition before us required appellant to abstain from the consumption of alcoholic beverages; the condition was unlimited as to location. The allegation that the violation occurred in Randall County was not necessarily descriptive of the condition violated; the allegation was not necessary to show a violation of the condition; it was mere surplusage and the State was required to prove only that the appellant had consumed alcoholic beverages on the date alleged. The evidence shows a violation of a probationary condition sufficient to support the revocation order. The court did not abuse its discretion.

The judgment is affirmed.

Opinion approved by the Court.