Roy DAVILA, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 52059.

Court of Criminal Appeals of Texas.

March 9, 1977.

Richard D. Bird, court appointed, Childress, for appellant.

Charles W. Darter, Dist. Atty., Childress, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from an order revoking probation. On April 14, 1975, appellant plead guilty and was convicted of the offense of burglary; his punishment is imprisonment for 4 years. The imposition of

sentence was suspended and appellant was granted probation.

After a hearing on the State's motion to revoke probation, the court found that the appellant had, in violation of a condition of probation that he would commit no offenses against the laws of this State, on or about October 26, 1975, committed the offense of theft. The court revoked appellant's probation and sentence was imposed on November 18, 1975.

We must first determine whether the indictment is fundamentally defective.[1] The indictment, in pertinent part, alleges that appellant:

". . . did then and there unlawfully, intentionally and knowingly enter a building, not then open to the public, and without the effective consent of Lemon Bawcom, enter a building owned by the said Lemon Bawcom and did then and there commit theft, to-wit: did then and there unlawfully obtain property from Lemon Bawcom, the owner thereof, without the effective consent of the said Lemon Bawcom . . ."

V.T.C.A. Penal Code, Sec. 30.02 provides in part:

"(a) A person commits an offense if, without the effective consent of the owner, he:

\*     \*     \*     \*     \*     \*

"(3) enters a building or habitation and commits or attempts to commit a felony or theft."

The elements of the offense of burglary under Sec. 30.02(a)(3), V.T.C.A. Penal Code, are as follows:

(1) a person

(2) intentionally or knowingly[2]

(3) enters a habitation or building

(4) without the effective consent of the owner, and

(5) commits or attempts to commit a felony or theft.

The indictment in the case at bar alleged that the appellant "did then and there commit theft," and immediately thereafter it attempted to allege the elements of theft. This attempt to allege theft failed to allege that the appellant acted "with intent to deprive the owner of property." The omitted element is an allegation of the culpable mental state required. See *Teniente v. State*, 533 S.W.2d 805 (Tex.Cr.App.1976); *Johnson v. State*, 537 S.W.2d 16 (Tex.Cr.App.1976). Since everything necessary to be proven should be stated in an indictment, Article 21.03, V.A.C.C.P., the attempt to allege theft is fatally defective. Therefore, the question is whether the allegation "did then and there commit theft" is sufficient to allege burglary under V.T.C.A. Penal Code, Sec. 30.02(a)(3), without alleging all of the elements of theft. We hold that it is sufficient.

In *Ex parte Cannon*, Tex.Cr.App., 546 S.W.2d 266 (delivered Nov. 10, 1976), we held that an indictment for burglary under V.T.C.A. Penal Code, Sec. 30.02(a)(1) or (a)(2), need not allege that the entry was with the intent to commit theft or a named felony, provided it alleges instead the elements of the felony or theft in the indictment. On the other hand, it is not necessary to allege the elements of the felony or theft if the indictment specifically states that the entry was with the intent to commit theft or a specifically named felony. See *Gonzales v. State*, 517 S.W.2d 785 (Tex.Cr.App.1975).

The appellant in *Earl v. State*, 514 S.W.2d 273 (Tex.Cr.App.1974), contended that the indictment for robbery should have alleged the constituent elements of the theft in the

---

1. When a conviction has been obtained under a fundamentally defective indictment, the judgment of conviction is subject to collateral attack and may be set aside on the appeal from the order revoking probation. *Huggins v. State*, 544 S.W.2d 147 (Tex.Cr.App.1976); *Standley v. State*, 517 S.W.2d 538 (Tex.Cr.App.1975).

2. While no culpable mental state is mentioned in the language of Sec. 30.02(a)(3), V.T.C.A. Penal Code, Secs. 6.02(b) and (c), supra, clearly require proof of a culpable mental state. *Day v. State*, 532 S.W.2d 302 (Tex.Cr.App.1975) footnote 1; *Baldwin v. State*, 538 S.W.2d 109 (Tex.Cr.App.1976).

course of which the robbery was committed. In overruling his argument, this Court said:

". . . of course it must be alleged and proven that the alleged offense was committed 'in the course of committing a theft' and 'with intent to obtain or maintain control of the property' involved in the theft. Although the proof will involve proving up a theft or attempted theft, the elements of the particular theft (see Chapter 31, and specifically Secs. 31.-02 and 31.03, V.T.C.A. Penal Code) or attempted theft (see Sec. 15.01, V.T.C.A. Penal Code), need not be alleged in the indictment."

We hold that an indictment charging burglary under V.T.C.A. Penal Code, Sec. 30.-02(a)(3) may allege that the accused committed theft or a named felony; or attempted to commit theft or a named felony; or it may allege each of the essential elements of theft or the felony in question. *Ex parte Cannon*, supra; *Gonzales v. State*, supra; *Earl v. State*, supra. The indictment in the case at bar, while no model for pleading, is sufficient to charge burglary under Sec. 30.02(a)(3), supra, and is not fundamentally defective.

■ Appellant contends that the court abused its discretion because the evidence is insufficient to support the court's finding that he violated a condition of probation by committing the offense of theft as alleged in the motion to revoke.

Grover Graham was the manager of the Davis Gin in Dodson. The Davis Gin owned a 1961 Chevrolet pickup truck that was taken from Graham's farm west of Dodson on October 26, 1975. Graham stated that only his two employees were authorized to drive the truck and that he never gave the appellant or anyone else permission to drive the truck. Isabel Lopez and her husband, one of Graham's employees, lived on Graham's farm. On October 26, 1975, the appellant and two other persons came to her house and asked to use her car. After she refused to let appellant use her car, they "got mad" and took the pickup truck in question. Lopez did not see who was driving the truck, but appellant was one of the

three people in it. She said that neither she nor her husband gave appellant or his companions permission to use the truck. The truck was recovered that same day in Hollis, Oklahoma, by an Oklahoma police officer. The officer, Ronald Zimmerman, had received a report that the truck had been stolen in Collingsworth County, Texas. He found the appellant driving the truck in question, with two male passengers, in an alleyway behind a store in Hollis. Appellant's brother and sister testified that Isabel Lopez had given their brother permission to use the truck.

■ The trial judge is the sole judge of the credibility of witnesses and the weight to be given their testimony at the hearing to revoke probation. He may accept or reject any or all of the testimony. *Casey v. State*, 519 S.W.2d 859 (Tex.Cr.App.1975); *Strickland v. State*, 523 S.W.2d 250 (Tex.Cr. App.1975). The evidence is sufficient; no abuse of discretion is shown.

■ Appellant also contends that the court abused its discretion because the motion to revoke probation alleged that the theft occurred in Childress County, while the proof shows that it occurred in Collingsworth County. The condition of probation imposed upon appellant required that he "Commit no offense against the laws of this or any other State or the United States." The State only has the burden to prove at the revocation hearing that the petitioner violated the laws of this State, some other state, or the United States. *Regalado v. State*, 494 S.W.2d 185 (Tex.Cr.App.1973). The State met this burden by showing that the appellant committed an offense against the laws of this State.

■ Where the revocation of probation is based upon a violation of the probationary condition not to violate the law, the allegations of the motion to revoke probation need not be as precise as those of an indictment, but should give fair notice and allege a violation of the law. *Acton v. State*, 530 S.W.2d 568 (Tex.Cr.App.1975), and cases cited therein. In the case at bar, it would have been proper for the trial

court to permit amendment of the motion to revoke so that it would conform to the proof. *Franks v. State*, 516 S.W.2d 185 (Tex.Cr.App.1974), footnote 3; *Cabrera v. State*, 494 S.W.2d 177 (Tex.Cr.App.1973); *Banks v. State*, 491 S.W.2d 417 (Tex.Cr. App.1973). The appellant did not object to the variance between the motion to revoke and the proof in the trial court and raises the question for the first time on appeal. Appellant has not made any complaint or showing that the pleadings failed to give him fair notice of the violation of probation alleged, nor was there any claim or showing that he was surprised or prejudiced by the State's pleadings. No abuse of discretion is shown.

■■■■■ Appellant asserts that the court abused its discretion in permitting the witness Graham to testify that the value of the pickup truck was over $200.00. The owner of property may testify as to the value of his property even though he is not qualified as an expert on the value of the property. McCormick and Ray, Texas Law of Evidence, Sec. 1422 (1956); *Barstow v. Jackson*, 429 S.W.2d 536 (Tex.Civ.App.1968). Moreover, it is not necessary to prove the value of a stolen item in a revocation of probation proceeding so long as the item stolen by the probationer had *some* value. *Barnes v. State*, 467 S.W.2d 437 (Tex.Cr.App.1971); *Hilbish v. State*, 485 S.W.2d 554 (Tex.Cr. App.1972). The trial court did not abuse its discretion in revoking appellant's probation.

The judgment is affirmed.

Opinion approved by the Court.