IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00122-CV

 

Paul Earl Dorsey,

                                                                      Appellant

 v.

 

Janice May, et al.,

                                                                      Appellees

 

 

 



From the 52nd District Court

Coryell County, Texas

Trial Court No. COT-05-36126

 



MEMORANDUM  Opinion



 








          Paul Earl Dorsey appeals
from an interlocutory order denying his
summary judgment motion.  Because no final, appealable judgment has been
rendered as of this date, Appellees have filed a motion to dismiss the appeal.

          With some exceptions not applicable
here, “an appeal may be taken only from a final judgment.”  Sultan v. Mathew,
178 S.W.3d 747, 751 (Tex. 2005) (quoting Lehmann v. Har-Con Corp., 39
S.W.3d 191, 195 (Tex. 2001)).  An appeal may not be taken from an interlocutory
order denying a summary judgment motion unless a statute expressly permits such
an appeal.  See Dallas County v. Wadley, 168 S.W.3d 373, 375-76 (Tex. App.—Dallas 2005, pet. denied); Thomas v. Long, 97 S.W.3d 300, 301-02 (Tex.
App.—Houston [14th Dist.] 2003, no pet.).  No statute permits an appeal in this
case.

          The Clerk of this Court notified the
parties that the appeal
is subject to dismissal for want of
jurisdiction because it is taken from a non-appealable interlocutory order.  See
Tex. R. App. P. 42.3(a).  Dorsey has not responded to this notice.  Accordingly,
we grant Appellees’ motion
and dismiss the appeal for want of jurisdiction.

PER CURIAM

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Appeal dismissed

Opinion delivered and
filed July 19, 2006

[CV06]






an style="font-weight: bold">McLennan County, Texas
Trial Court # 95-281-C
                                                                                                    

O P I N I O N
                                                                                                    

          A jury convicted appellant, Charles Moore, of burglary of a building. Tex. Penal Code
Ann. § 30.02(a)(1) (Vernon 1994). The same jury, pursuant to the Texas habitual offender
statute, assessed punishment at 80 years' incarceration in the Institutional Division of the Texas
Department of Criminal Justice. Moore appeals, alleging four points of error: (1) the trial court
erred in denying his request for a hearing on a motion in limine to determine the relevancy and
prejudicial effect of a pocketknife found at the crime scene; (2) the trial court erred in admitting
a picture of the pocketknife into evidence; (3) the trial court erred in denying Moore's motion for
new trial based upon a prejudicial statement made by a witness; and (4) the trial court erred in
allowing Moore to be sentenced under the habitual offender statute.
          On December 24, 1994, responding to a report of a burglary in progress, police officers
arrived at Maureen's Antique Shop, which is located on the corner of Columbus Avenue and 26th
Street in Waco. Inside the building, police officers found and arrested appellant, Charles Moore. 
Upon further inspection of the premises, police officers found that a front window had been
broken and its screen cut. They also discovered a broken window in the bathroom which itself
was in disarray. Moore was indicted for burglary of a building and was found guilty of the
offense. Moore's punishment was enhanced with two prior felony convictions, both for burglary
of a building. 
          In his first point of error, Moore contends the trial court erred in denying his request for
a hearing on his motion in limine requesting that a pocketknife found in the burglarized building
be excluded from the evidence. Moore maintains the trial court should have held a hearing to
determine the relevancy of the pocket knife, Tex. R. Crim. Evid. 401, 402, and to determine
whether the prejudicial effect of admitting the pocketknife into evidence substantially outweighed
its probative value. Tex. R. Crim. Evid. 403. Other than these assertions, Moore has provided
no argument or authority in support of his position that the trial court was obligated to hold a
hearing on the admissibility of the pocketknife under Rules 401, 402 and 403 of the Rules of
Criminal Evidence. Tex. R. Crim. Evid. 401, 402, 403. Therefore, we consider this issue
inadequately briefed and as presenting nothing for review. Tex. R. App. P. 74(f); Penry v. State,
903 S.W.2d 715, 760 (Tex. Crim. App.), cert. denied, — U.S. —, 116 S.Ct. 480 (1995);
Robinson v. State, 851 S.W.2d 216, 222 n.4 (Tex. Crim. App. 1991), cert. denied, — U.S. —,
114 S.Ct. 2765 (1994). Moore's first point is overruled.
          In his second point of error, Moore contends the trial court erred in admitting a photograph
of the pocketknife into evidence because there had been no evidence introduced to connect the
pocketknife to him. A photograph is relevant if it has "any tendency to make the existence of any
fact that is of consequence to the determination of the action more probable or less probable than
it would be without the evidence." Penry, 903 S.W.2d at 751 (quoting Tex. R. Crim. Evid. 401). 
Determining the admissibility of photographs is left solely to the trial court, and we will not
disturb that ruling absent an abuse of discretion. Id.
          To prove that a burglary of a building has been committed, the State must show that a
person, intentionally or knowingly, entered a building without the effective consent of the owner
in order to commit a felony or theft. Tex. Penal Code Ann. § 30.02(a)(1); Davilla v. State, 547
S.W.2d 606, 608 (Tex. Crim. App. 1977). The facts (1) that a window screen had been cut with
a sharp object and the window broken; (2) that an opened pocketknife was found inside the
building; (3) that according to the owners of the building, the pocketknife had not been there when
they left the antique shop that day; and (4) that Moore was arrested inside the building combine
to make the proposition that Moore used the knife in an attempt to burglarize the building more
probable than it would be without the photograph of the knife. We find the trial court did not
abuse its discretion in finding the photograph of the knife relevant and admitting it into evidence. 
Moore's second point is overruled.
          In Moore's third point of error he alleges the trial court erred in denying his motion for
a mistrial. On appeal, Moore contends that a statement made by Sergeant Dennis Tynes during
his testimony was "highly prejudicial" and "poisoned the minds of the jury." However, we need
not address the merits of Moore's argument. 
          On appeal, "the point of error must correspond to the objection made at trial." Broxton
v. State, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995); Webb v. State, 899 S.W.2d 814, 819
(Tex. App.—Waco 1995, no pet.); see also Tex. R. App. P. 52(a). At trial, Moore's objection
to Sergeant Tynes' statement was "nonresponsive." On appeal, Moore contends that the statement
was prejudicial. Because Moore's point of appeal does not comport with his trial objection, we
find that Moore failed to preserve his complaint for review. Broxton, 909 S.W.2d at 918; Webb,
899 S.W.2d at 819.
          Furthermore, Moore cited no authority for his contention that Sergeant Tynes' statement
was prejudicial. Because this point of error is inadequately briefed, we find that it presents
nothing for review. Tex. R. App. P. 74(f); Penry, 903 S.W.2d at 760; Robinson, 851 S.W.2d at
222 n.4. Moore's third point is overruled.
          In his fourth point of error, Moore argues that the trial court erred in allowing his sentence
to be imposed under the habitual offender statute


 instead of the state jail felony statute. Tex.
Penal Code Ann. § 12.35(a) (Vernon 1994). Moore was convicted of burglary of a building,
which is a state jail felony. Tex. Penal Code Ann. § 30.02(c)(1) (Vernon 1994). The Court of
Criminal Appeals has expressly held that state jail felonies cannot be enhanced under section
12.42(d). Mancuso v. State, 919 S.W.2d 86, 89 (Tex. Crim. App. 1996). Therefore, we sustain
Moore's fourth point of error.
          Moore's conviction is affirmed but his sentence is reversed and the cause remanded for a
new punishment hearing.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Affirmed in part; reversed in part and remanded 
Opinion delivered and filed November 6, 1996
Do not publish