ACCEPTED
06-18-00015-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
6/6/2018 2:12 PM
DEBBIE AUTREY
CLERK

## IN THE COURT OF APPEALS FOR THE
## SIXTH DISTRICT OF TEXAS AT TEXARKANA

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

6/6/2018 2:12:46 PM

DEBBIE AUTREY
Clerk

**THOMAS GLENN BAYES,**
APPELLANT      §

§

v.      §      **No. 06-18-00015-CR**

§

**THE STATE OF TEXAS,**      §
APPELLEE      §

---

### STATE'S RESPONSE BRIEF

---

ON APPEAL FROM THE 354th DISTRICT COURT
HUNT COUNTY, TEXAS

TRIAL COURT CAUSE NUMBER 31,417
THE HONORABLE KELI AIKEN, JUDGE PRESIDING

**NOBLE D. WALKER, JR.**
District Attorney
Hunt County, Texas

**CHRISTOPHER J. BRIDGER**
Assistant District Attorney
P.O. Box 441
4th Floor Hunt County Courthouse
Greenville, TX 75403
(903) 408-4156
FAX (903) 408-4296
State Bar No. 24014566

**Oral Argument Not Requested**

# TABLE OF CONTENTS

TABLE OF CONTENTS................................................................................1

INDEX OF AUTHORITIES........................................................................3

BRIEF

1. STATEMENT OF CASE........................................................................4

2. ISSUE PRESENTED..............................................................................5

3. STATEMENT OF FACTS......................................................................5

4. SUMMARY OF THE STATE'S ARGUMENT....................................10

5. ARGUMENT.........................................................................................11

      I.      APPLICABLE LAW..................................................................11

      II.     VIOLATION 1: *The Defendant failed to submit to urinalysis on or about the 6th day of December 2017*...................................................12

      III.    VIOLATION 2: *The Defendant, on or about the 5th day of December 2017, committed a Terroristic Threat (MA) toward CSO Scott Sleeman and the Community Supervision Department by telling his brother, Ricky Bayes, that he was going to "dust CSO Sleeman and the entire office."*...13

      IV.    VIOLATION 3: *The Defendant failed to write a letter of apology to Officer Maloy*...............................................................................................13

      V.     VIOLATION 4: *The Defendant used alcohol on or about the 5th day of December 2017*.............................................................................14

      VI.    VIOLATION 5: *The Defendant failed to perform 125 hours of community service restitution to be performed at the rate of 10 hours per month for the months of: September, October, and November 2017*........................15

6. CONCLUSION..................................................................……..…………16

7. PRAYER....................................................................................…..17

CERTIFICATE OF SERVICE...............................…................................18

CERTIFICATE OF COMPLIANCE AND WORD COUNT….....………....18

# INDEX OF AUTHORITIES

**STATUTES**

Tex. Pen. Code § 22.07....................................................................15

Tex. Pen. Code § 36.06....................................................................4

**CASES**

*Davila v. State*, 547 S.W.2d 606, 609 (Tex. Cr. App., 1977).........................10

*In re C.S.*, 79 S.W.3d 619, 623 (Tx. App.-Texarkana 2002).........................14

*Moore v. State*, 605 S.W.2d 924, 926 (Tex. Cr. App., 1980).........................11

*Rickels v. State*, 202 S.W.3d 759, 763-764 (Tex. Cr. App., 2006)....................11

*Williams v. State*, 194 S.W.3d 568 (Tx. App.-Houston 2006).........................13

# IN THE COURT OF APPEALS FOR THE
# SIXTH DISTRICT OF TEXAS AT TEXARKANA

**THOMAS GLENN BAYES,**
APPELLANT

§
§
v.                                              §          **No. 06-18-00015-CR**
§
**THE STATE OF TEXAS,**                          §
APPELLEE                                        §

## STATE'S RESPONSE BRIEF

**TO THE HONORABLE COURT OF APPEALS:**

The STATE OF TEXAS (State), Appellee, responds to the Appellant's brief requesting that the judgment of conviction be overturned in Cause No. 31,417, presided by the Honorable Judge Keli M. Aiken, in the 354th Judicial District Court, Hunt County, Texas. The State respectfully request requests that the judgment of conviction and sentence be affirmed.

## 1. STATEMENT OF THE CASE.

On the 21st of August 2017, following the Appellant's plea of guilt as to the charged offense of Obstruction or Retaliation, Tex. Pen. Code § 36.06, and a proper admonishment, the trial judge substantiated the Appellant's guilt as to the charged offense, but entered an order of deferred adjudication. The trial judge issued an order setting forth terms and conditions of community supervision that

was incorporated into the deferred adjudication order listed above. On the 7th of December 2017, the State filed a motion to revoke deferred adjudication in response to the failure of the Appellant to abide by terms and conditions of community supervision and requested final adjudication. The revocation hearing was held on the 11th of January 2018, at which time the trial court found the Appellant violated the terms and conditions of community supervision, revoked his probation, and sentenced him to 10 years confinement in the Texas Department of Corrections, Institutional Division.

## 2. ISSUE PRESENTED.

Whether the trial judge abused her discretion when the trial judge found that the Appellant violated the terms of the community supervision order?

## 3. STATEMENT OF FACTS.

### *Grounds for Revocation*

a. On the 11th of January 2018, the Appellant pled "not true" to all allegations contained within the Motion to Revoke. (CR Vol.3.p6).

b. The State called Ms. Cynthia Ware (Community Supervision Officer), Ms. Jenny Tillery, Mr. Spencer Williams, and Mr. Richard Bayes in support of its motion to revoke. (CR Vol.3.p3).

c. The Appellant testified at the motion to revoke hearing in his own defense. (CR Vol.3.p3).

## *Testimony of Ms. Cynthia Ware (Community Supervision Officer)*

d. Ms. Cynthia Ware is a Community Supervision Officer at the Hunt County Supervision and Corrections Department, and reviewed the Appellant's probation file, in cause number 31417, prior to testifying. (CR Vol.3.p6-7).

e. Ms. Ware verified that the Appellant signed and acknowledged the requirements of his probation when he was placed on probation beginning on the 21st of August 2017. (CR Vol.3.p7).

f. Ms. Ware testified that one of the special requirements of Mr. Thomas Bayes' probation was that he was to write a letter of apology to Officer Malloy and to deliver said letter to the probation department. (CR Vol.3.p7).

g. According to Ms. Ware, this letter was never delivered to the probation department. (CR Vol.3.p7).

h. Mr. Bayes was reminded of this requirement on the day that he was placed on probation, during intake at the probation office, and on the 28th of November 2017. (CR Vol.3.p7-8).

i. Ms. Ware testified that according to her records, the Appellant had not completed any of the required community service hours he was required to do. (CR Vol.3.p8).

j. Ms. Ware further testified that the Appellant had not shown any compliance with his probation requirements and had not made any meetings or reported at all, stating "He's made very little progress." (CR Vol.3.p8).

k. Mr. Sleeman called the Appellant based upon this information and told him to report for a urinalysis. The Appellant told Mr. Sleeman that he could not report, so he was given until the 6th of December 2017 to report. The Appellant never reported for his urinalysis as directed. (CR Vol.3.p8-9).

l. On the 5th of December 2017, the Appellant's brother, Mr. Ricky Bayes, and Ms. Jenny Tillery called the Appellant's probation officer regarding threats that the Appellant was making toward them and others as well as alcohol usage by the Appellant. (CR Vol.3.p9).

m. The probation office also received emails on the 4th of December 2017 concerning similar allegations from Mr. Charles Bayes, another brother of the Appellant. (CR Vol.3.p10).

n. Mr. Charles Bayes email stated that the Appellant is a "bad alcoholic, and needs a mental evaluation started because he started sending threatening messages and voicemails to them that night." (CR Vol.3.p10).

o. Regarding the allegation of terroristic threats made by the Appellant, Ms. Ware testified she was made aware of terroristic threats against the Community Supervision Department by Mr. Sleeman and that the whole office was alerted of

the Appellant's threat to "dust" Mr. Sleeman and the entire office. (CR Vol.3.p 11 & 16).

p. Ms. Ware was asked if it was possible that Mr. Sleeman had given the Appellant extra time to complete his community service hours or whether that was a common practice. Ms. Ware replied, "No." (CR Vol.3.p14-15).

q. Ms. Ware was also asked concerning whether there were any other reports of alcohol use in the Appellant's probation records. Ms. Ware replied that an entry dated the 6th of December 2017 indicated that the Onalaska Police Department had contacted the Appellant and found him to be "extremely intoxicated." (CR Vol.3.p15).

### *Testimony of Ms. Jenny Tillery*

r. Ms. Tillery knows the Appellant as a family acquaintance and from working in the insurance field. (CR Vol.3.p19 & 22).

s. Ms. Tillery stated that on the 5th of December 2017 she received threatening phone calls from the Appellant who appeared to be inebriated at the time. (CR Vol.3.p19).

t. These phone calls were made during a three or four day period prior to the 5th of December 2017. During one day in particular, she remembered the Appellant calling repeatedly over an approximately two hour period. (CR Vol.3.p20).

u. Ms. Tillery stated that she is familiar with individuals who are intoxicated and that it was her opinion that the Appellant was intoxicated because "He was slurring his words. I couldn't really understand him, particularly the last few phone calls, when he was just saying, I'm going to dust your ass. I'm going to dust your ass over and over. Towards the last few phone calls, it was like worse. His voice was worse. I just couldn't understand it." (CR Vol.3.p21).

v. Ms. Tillery also stated that when she first met the Appellant in the first part of September 2017 she smelled alcohol on him. (CR Vol.3.p23).

### *Testimony of Mr. Spencer Williams*

w. Mr. Williams is the husband of Ms. Tillery. (CR Vol.3.p24).

x. Mr. Williams stated that he does not know the Appellant very well and is more familiar with his brothers (Richard and Charlie Bayes). (CR Vol.3.p24).

y. Mr. Williams testified to hearing threatening phone conversations between the Appellant and his wife around the December 2017 timeframe. (CR Vol.3.p25).

z. Mr. Williams testified that he confronted the Appellant for threatening his wife on the phone and that it was opinion that the Appellant was intoxicated because of the way he sounded on the phone. (CR Vol.3.p25).

### *Testimony of Mr. Richard Bayes*

aa. Mr. Richard Bayes is the older brother of the Appellant. (CR Vol.3.p27).

bb. Mr. Bayes testified that he called the probation office because he was concerned about the Appellant threatening other individuals and the probation office. (CR Vol.3.p28).

cc. Mr. Bayes also testified that the Appellant had been on a drinking binge for 7-10 days when his brother began making the alleged threats. (CR Vol.3.p29).

dd. Mr. Bayes stated his belief the Appellant had been drinking was based on the Appellant's behavior, smell, and his close personal relationship with the Appellant. (CR Vol.3.p30).

kk. According to Mr. Bayes, during the relevant time period the Appellant was drinking every day. (CR Vol.3.p31).

ll. Mr. Richard Bayes also stated that he knew that the Appellant's truck worked and that the reason the Appellant did not make it to the probation office for his scheduled appointment and urinalysis was because the Appellant had been drinking. (CR Vol.3.p33-35).

### Testimony of Mr. Thomas Bayes (the Appellant)

mm. The Appellant denied each of the allegations. (CR Vol.3.p37-54).

## 4. SUMMARY OF THE STATE'S ARGUMENT.

The trial judge serves as the finder of fact for revocation hearings. *Davila v. State*, 547 S.W.2d 606, 609 (Tex. Cr. App., 1977). The trial judge must find that violations of community supervision provisions occurred by a preponderance of

10

evidence. *Rickels v. State*, 202 S.W.3d 759, 763-764 (Tex. Cr. App., 2006). The appellate review standard for an order revoking probation is for "abuse of discretion." *Id.* Proof as to any of the alleged violations by a preponderance of evidence is sufficient to support a trial judges' decision to revoke community supervision. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Cr. App., 1980). The State provided sufficient evidence, by a preponderance of evidence, that the Appellant violated the terms of his community supervision as alleged in the State's motion to revoke. The trial judge did not abuse her discretion in finding that the Appellant violated the terms of his community supervision in support of her decision to revoke community supervision. The trial court's judgment of conviction and the Appellant's sentence should be upheld.

## 5. **ARGUMENT**.

### a. *Applicable law.*

The trial judge serves as the finder of fact for revocation hearings. *Davila v. State*, 547 S.W.2d 606, 609 (Tex. Cr. App., 1977). The trial judge must find that violations of community supervision occurred by a preponderance of evidence. *Rickels v. State*, 202 S.W.3d 759, 763-764 (Tex. Cr. App., 2006). The appellate review standard for an order revoking probation is "abuse of discretion." *Id.* Proof as to any of the alleged violations by a preponderance of evidence is sufficient to

support a trial judge's decision to revoke community supervision. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Cr. App., 1980).

**b. *Violation 1: The Appellant failed to submit to urinalysis on or about 6th day of December 2017.***

According to the terms and conditions of community supervision, the Appellant was required to submit to random urinalysis testing to screen for drugs and alcohol. (CLR Vol.1.p35-43). Ms. Cynthia Ware testified at the revocation hearing that the Appellant was required to report for a urinalysis at the Hunt County Community Supervision Office on the 5th of December 2017, but was given until the 6th of December 2017 to report. (CR Vol.3.p8-9). Ms. Ware testified that the Appellant never reported as required on or about 6 December 2017. (CR Vol.3.p8-9).

The Appellant testified that he could not report on the 6th of December 2017 because his vehicle had broken down. (CR Vol.3.p39). Unfortunately for the Appellant, his physical impossibility defense was directly refuted by the testimony of Mr. Richard Bayes, who stated that he knew that the Appellant's truck was in working order and that the Appellant told him he was not going to pass a urinalysis test. (CR Vol.3.p33-35). Based upon the record, a reasonable factfinder could find by a preponderance of evidence that the Appellant violated this condition of his probation.

12

**c.** *Violation 2: The Appellant, on or about the 5th day of December 2017, committed a Terroristic Threat (MA) toward CSO Scott Sleeman and the Community Supervision Department by telling his brother, Ricky Bayes, that he was going to "dust CSO Sleeman and the entire office."*

Mr. Richard Bayes, brother of the Appellant, testified that the Appellant threatened to "dust" CSO Sleeman and the Community Supervision Department. (CR Vol.3.p28). Mr. Richard Bayes felt that the threat was sufficiently real and imminent to warn the probation office. (CR Vol.3.p28). Ms. Ware testified that the office was put on alert to watch out for the Appellant. (CR Vol.3.p8-9, 11, and 16). Further, both Mr. Williams and Ms. Tillery testified that the Appellant made similar threats to them using the same language, to "dust them", in the December 2017 timeframe. (CR Vol.3.p19-20, and 25). According to Ms. Ware, these threats by the Appellant are what prompted CSO Sleeman to call the Appellant to report for a urinalysis. (CR Vol.3.p8-9, 11, and 16). The elements of a terroristic threat are as follows: "(a) A person commits an offense if he threatens to commit an offense involving violence to any person or property with intent to:…(2) place any person in fear of imminent serious bodily injury…" (Tex. Pen. Code § 22.07). "The accused's threat of violence, made with the intent to place the victim in fear of imminent serious bodily injury, is what constitutes the offense of terroristic threats." *Williams v. State*, 194 S.W.3d 568 (Tx. App.-Houston 2006). "The desired reaction of the listener (or of the complainant), regardless of whether the threat is real or whether the threat is carried out, may also constitute some evidence

13

of the intent of the person making the statement." *In re C.S.*, 79 S.W.3d 619, 623 (Tx. App.-Texarkana 2002). Under the circumstances, a reasonable factfinder could find by a preponderance of evidence that the Appellant committed a terroristic threat and violated his probation in doing so.

**d.** *Violation 3: The Appellant failed to write a letter of apology to Officer Maloy.*

The Appellant did not produce a letter of apology to Officer Maloy or anyone else until the date of the hearing. (CR Vol.3.p41-42). The letter was without a date and there is no way to tell when it was actually written. (CR Vol.4.p3). The judge found the letter to be insincere. (CR Vol.3.p43). An undated, insincere, apology letter can hardly be seen as satisfying the probation requirement of a letter of apology from the Appellant to Officer Maloy. A reasonable factfinder could find by a preponderance of evidence that the Appellant violated his probation by failing to write a letter of apology to Officer Maloy as directed.

**e.** *Violation 4: The Appellant used alcohol on or about the 5th day of December 2017.*

Ms. Tillery testified that the Appellant was intoxicated in the early December timeframe based on his behavior and speech. (CR Vol.3.p20-21). She also stated that she is familiar with intoxicated individuals based on her life experience. (CR Vol.3.p20-21). Mr. Williams also testified that the Appellant was

intoxicated in the December timeframe based on his behavior, slurring of words, and manner of speech. (CR Vol.3.p25). He also stated that he is familiar with intoxicated individuals based on his own life experience. (CR Vol.3.p26). Mr. Richard Bayes testified that the Appellant was drunk when he began making threats toward Mr. Sleeman and the Community Supervision Office. (CR Vol.3.p28-29).

He also stated that the Appellant had been drinking for seven to ten days prior to making the threats on or about the 5th of December 2017. (CR Vol.3.p29). Ms. Ware testified that the probation department records indicate that Onalaska Police Department contacted the Appellant on the 6th of December, and found him to be "extremely intoxicated." (CR Vol.3.p15). Although the Appellant generally denies being intoxicated, this is refuted by all available evidence. A reasonable factfinder could find by a preponderance of evidence that the Appellant violated this term and condition of his probation.

**f. *Violation 5: The Appellant failed to perform 125 hours of community service restitution to be performed at the rate of 10 hours per month for the months of: September, October, and November 2017.***

Ms. Ware stated that Appellant had not completed any of his required community service hours. She also stated that it is not the practice of the Community Supervision Office in Hunt County to make exceptions. The Appellant states that he received permission to delay compliance due to Hurricane

Harvey. The Appellant's brief additionally cites the joint order "Emergency Order Authorizing Modification and Suspension of Court Procedures in Proceedings Affected by Disaster" dated the 28th of August 2017 as authority to modify the Appellant's community service hour requirements. By its terms, this order was meant to allow courts flexibility during a time of emergency. It does not give probationers permission to temporarily ignore their probation requirements. There was no evidence the probation department made an exception to this requirement for the Appellant. A reasonable factfinder could therefore find by a preponderance of evidence that the Appellant violated this term and condition of his probation.

## 6. **CONCLUSION.**

The trial judge did not abuse her discretion in finding that the Appellant violated the terms of his community supervision, as alleged, by a preponderance of evidence. The trial court's judgment of conviction and the Appellant's sentence should be upheld.

## 7. PRAYER.

The State prays that the Appellant's conviction and sentence be affirmed.

Respectfully submitted,

**NOBLE D. WALKER, JR.**
District Attorney
Hunt County, Texas

**CHRISTOPHER J. BRIDGER**
Assistant District Attorney
P. O. Box 441
4th Floor Hunt County Courthouse
Greenville, TX 75403
(903) 408-4180
FAX (903) 408-4296
State Bar No. 24104566

## CERTIFICATE OF SERVICE

A true copy of the State's response brief has been delivered to Ms. Jessica McDonald, attorney for Appellant, on the 6th of June 2018 pursuant to local rules.

**CHRISTOPHER J. BRIDGER**
Assistant District Attorney

## CERTIFICATE OF COMPLIANCE AND WORD COUNT

In accordance with Texas Rules of Appellate Procedure 9.4 (e) and (i), the Appellee's Brief contains Times New Roman font, 14-point typeface of the body of the brief and contains 3,232 words, and was prepared on Microsoft Word 2013.

**CHRISTOPHER J. BRIDGER**
Assistant District Attorney
P. O. Box 441
4th Floor Hunt County Courthouse
Greenville, TX 75403
(903) 408-4180
FAX (903) 408-4296
State Bar No. 24104566

18