**AFFIRM; Opinion Filed August 1, 2023**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-22-00746-CR

**MARVIN EARL SLACK, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-82364-2021**

## MEMORANDUM OPINION

Before Justices Molberg, Carlyle, and Smith
Opinion by Justice Smith

Marvin Earl Slack appeals from a judgment revoking his community supervision. In two issues, Slack argues that (1) the evidence is insufficient to support the revocation and (2) his original sentence was void and illegal because the trial court did not find the indictment's enhancement paragraphs to be true. We affirm the trial court's judgment.

### Background

Slack was indicted for theft of property valued at less than $2,500 with two prior theft convictions, a state jail felony. *See* TEX. PENAL CODE ANN. §

31.03(e)(4)(D). The indictment contained two enhancement paragraphs, which if proven to be true, would elevate the punishment range for the charged offense to that of a second-degree felony. *See id.* § 12.425(b).

Slack signed a plea agreement in which he judicially confessed to the enhanced charge and pleaded true to the indictment's enhancement paragraphs. The plea agreement stated that the punishment range for the offense was two to twenty years' confinement.

At his plea proceeding, the trial court admonished Slack that he was charged with a state jail felony offense enhanced to a second-degree felony with a range of punishment from two to twenty years' confinement. Slack answered "yes" when the trial court asked if he still wished to plead guilty knowing that he must be sentenced within the second-degree felony range. Slack then entered a plea of guilty to second-degree felony theft and true to the enhancement allegations. The trial court sentenced Slack to ten years' confinement, suspended for ten years of community supervision. Among other community supervision conditions, Slack was prohibited from entering the premises of a TJ MAXX, HomeGoods, or Marshalls store.

The State subsequently moved to revoke Slack's community supervision. A second amended motion to revoke included six allegations—three theft offenses and three entries into a TJ MAXX and HomeGoods store. Slack pleaded not true to the six allegations. Following a hearing, the trial court found five of the six allegations

true, revoked Slack's community supervision, and sentenced him to six years' confinement.  This appeal followed.

## Revocation of Community Supervision

In his first issue, Slack asserts the State failed to present sufficient evidence to justify revocation of his community supervision.  The States responds that there was ample evidence proving that Slack entered a HomeGoods store and committed thefts in Tarrant and Walker Counties in violation of the terms of his community supervision.

We review an order revoking community supervision for an abuse of discretion.  *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006).  We review the evidence in the light most favorable to the trial court's decision in determining whether the trial court abused its discretion.  *See Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981)). The trial court is the sole judge of the witnesses' credibility and the weight to give the evidence.  *See Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013).

On a motion to revoke, the State has the burden to prove a defendant violated a condition of community supervision by a preponderance of the evidence.  *Rickels*, 202 S.W.3d at 763–64.  A preponderance of the evidence is "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his [community supervision]."  *Id.* at 764; *Dansby v. State*,

468 S.W.3d 225, 231 (Tex. App.—Dallas 2015, no pet.). Proof of a single violation of community supervision is sufficient to support revocation. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *Olabode v. State*, 575 S.W.3d 878, 880 (Tex. App.—Dallas 2019, pet. ref'd). If the State fails to meet its burden of proof, the trial court abuses its discretion by revoking community supervision. *Dansby*, 468 S.W.3d at 231.

The State's second amended motion to revoke alleged that Slack violated the terms of his community supervision by, among other things, making entry into a HomeGoods store on or about December 27, 2021. Javier Rocha, an investigator for TJX, the parent company of TJ MAXX, HomeGoods, and Marshalls, testified at the revocation hearing. According to Rocha, TJX investigators had connected Slack to 289 theft incidents in their stores over a nine-year period starting in July 2013. Slack was their "most familiar" shoplifter. And, having investigated shoplifting incidents involving Slack since 2013, Rocha was very familiar with Slack's appearance and schemes. Rocha identified Slack in the courtroom.

Rocha testified that he was notified that a gentleman had tried to return a large number of bedsheets to a HomeGoods store on Rio Grande Boulevard in Euless, Texas on December 27, 2021. Rocha reviewed the store's surveillance video of the incident and observed that Slack was in the store with the gentleman. Rocha testified that Slack also entered the same HomeGoods store on January 13, 2022, by himself with a shopping cart of bedsheets.

Rocha pulled still photographs from the December 27, 2021 surveillance video and forwarded them to the district attorney's office. Rocha testified that the photographs, which were admitted into evidence without objection, were a fair and accurate depiction of the surveillance video and what transpired on December 27, 2021.

Slack complains that the photographs are poor-quality images, but the evidence showed that Rocha identified Slack in the HomeGoods store on December 27, 2021, after reviewing the store's surveillance video. Slack also complains that Rocha's testimony is conclusory because the State did not establish how Rocha had personal knowledge that the video or still photographs were a fair and accurate representation of the store, how he came into possession of the video, or how he made the still photographs. The evidence, however, established that Rocha had served as a TJX organized retail crime investigator for nine years. In that role, he provided support to approximately ninety TJ MAXX, HomeGoods, and Marshalls stores in North Texas, Oklahoma, and parts of Louisiana. He worked the larger, organized thefts, which usually involved two or more people working in concert. According to Rocha, when the investigators receive a report, like a report concerning a large return, they are able to pull up the in-store cameras and see the transaction as it took place. Pulling up surveillance video from the stores, looking at it, and pulling still photographs from the video as needed was part of his job investigating thefts.

And, the still photographs admitted into evidence reflect that they are images from video taken at the HomeGoods store in Euless on December 27, 2021.

On this record, we conclude that Rocha's testimony was not conclusory and the trial court did not abuse its discretion in finding that Slack violated a condition of his community supervision. As the sole judge of the witnesses' credibility and the weight to be given their testimony, the trial court was free to accept or reject any or all of the testimony. *See Hacker*, 389 S.W.3d at 865; *Davila v. State*, 547 S.W.2d 606, 609 (Tex. Crim. App. 1977). The trial court chose to believe Rocha's testimony that, based on years of investigating Slack, he was familiar with Slack's appearance and, based on his review of the store's December 27, 2021 surveillance video footage, Slack entered the store that day in violation of the terms of his community supervision. *See, e.g.*, *Conyers v. State*, 864 S.W.2d 739, 741 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd) (even though complainant did not identify defendant as perpetrator and identification evidence consisted solely of videotape in which defendant claimed he was not identifiable, evidence was sufficient to support aggravated robbery conviction based on still photos from videotape and testimony of third party not present at time of offense that person in videotape was defendant). The still photographs, although of poor quality, supported Rocha's testimony. Reviewing the evidence in the light most favorable to the trial court's judgment, we conclude, as the trial court did, that the greater weight of the credible evidence

created a reasonable belief that Slack entered the HomeGoods store in Euless, Texas on December 27, 2021, violating a condition of his community supervision.

Because proof by a preponderance of the evidence of any one of the alleged violations of Slack's community supervision was sufficient to support the revocation, *see Smith*, 286 S.W.3d at 342, we need not address Slack's arguments regarding the trial court's findings as to the remaining allegations. *See* TEX. R. APP. P. 47.1 (requiring appellate courts to address only issues necessary for disposition of appeal). We overrule Slack's first issue.

### Void and Illegal Sentence

In his second issue, Slack asserts his original sentence was void and illegal because the trial court failed to find the indictment's enhancement paragraphs to be true. The State responds that Slack was properly sentenced because he pleaded true to the enhancement paragraphs and the trial court implicitly found the enhancements paragraphs true by sentencing him to the appropriate punishment range.

A plea of true to an enhancement paragraph relieves the State of its burden to prove the prior conviction alleged for enhancement. *Wilson v. State*, No. 05-18-00801-CR, 2019 WL 3491931, at *5 (Tex. App.—Dallas Aug. 1, 2019, no pet.) (mem. op., not designated for publication) (citing *Ex parte Rich*, 194 S.W.3d 508, 513 (Tex. Crim. App. 2006)). A trial court makes an implied finding of true to an enhancement allegation when the record establishes the truth of that allegation. *See id.* And, a trial court implies a finding of true to an enhancement allegation if the

trial court imposes a sentence outside of the range for the underlying offense but within the range for the offense as enhanced. *See id.*; *Harris v. State*, No. 05–02–01728–CR, 2005 WL 639388, at *1–2 (Tex. App.—Dallas Mar. 21, 2005, pet. ref'd) (not designated for publication) (even though trial court made no oral or written findings on two prior convictions, punishment imposed fell within enhanced range and, thus, trial court impliedly found enhancement paragraphs to be true).

The trial court did not enter written findings of true in the judgment of conviction. However, as reflected by the plea agreement's terms, which the judgment incorporated by reference, and the reporter's record of the plea hearing, Slack pleaded true to both enhancement paragraphs in the indictment. This is sufficient to prove his prior convictions. *See Wilson*, 2019 WL 3491931, at *5. And, the trial court sentenced Slack to ten years' confinement, which was outside the punishment range for the underlying theft offense, but within the range for the offense as enhanced. In doing so, the trial court impliedly found the enhancement allegations true. *See id.* Because the record contains sufficient evidence from which the trial court could make the implied findings, Slack's sentence was not void or illegal. *See Harris*, 2005 WL 639388, at *1–2. We overrule Slack's second issue.

**Conclusion**

The trial court's judgment is affirmed.

/Craig Smith/
CRAIG SMITH
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
220746F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

MARVIN EARL SLACK, Appellant

No. 05-22-00746-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the 401st Judicial District Court, Collin County, Texas Trial Court Cause No. 401-82364-2021.

Opinion delivered by Justice Smith. Justices Molberg and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 1st day of August, 2023.