**Opinion filed January 25, 2024**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-22-00309-CR & 11-22-00310-CR

_____

## BRANDI NICOLE WATSON A/K/A BRANDI NICOLE TOMME A/K/A BRANDI NICOLE MILLER A/K/A BRANDI NICOLE MILLER-TOMME, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**

**Brown County, Texas**

**Trial Court Cause Nos. CR24369 & CR26263**

### M E M O R A N D U M   O P I N I O N

Appellant, Brandi Nicole Watson a/k/a Brandi Nicole Tomme a/k/a Brandi Nicole Miller a/k/a Brandi Nicole Miller-Tomme,[1] pleaded guilty to the offenses of endangering a child, a state jail felony (trial court cause no. CR24369), and

---

[1]We note that Appellant's name differs on the indictments and judgments in these cases.

tampering with or fabricating physical evidence, a third-degree felony (trial court cause no. CR26263). *See* TEX. PENAL CODE ANN. §§ 22.041(c), (f), 37.09(a)(1), (c) (West Supp. 2023). Pursuant to the terms of the parties' negotiated plea agreement, the trial court deferred a finding of guilt and placed Appellant on community supervision for three years in cause no. CR24369. Appellant later committed the tampering offense for which she was indicted in cause no. CR26263.

In a consolidated hearing, the trial court adjudicated Appellant's guilt in cause no. CR24369 and convicted Appellant of the indicted offense in cause no. CR26263. Pursuant to the parties' negotiated plea agreements in these cases, the trial court (1) in cause no. CR24369, sentenced her to two years' confinement but suspended her sentence and placed her on community supervision for five years, thereby extending her term of community supervision, and (2) in cause no. CR26263, sentenced her to five years' imprisonment but suspended her sentence and placed her on community supervision for five years. Appellant's supervision was transferred to Bexar County in November or December of 2019. Appellant subsequently violated certain terms and conditions of her community supervision, which included the commission of a new offense, and the trial court later revoked Appellant's community supervision in each case.

In two issues, Appellant contends that the trial court erred when it permitted a probation officer to testify at her revocation hearing (1) as to whether Appellant's community supervision should be revoked, and (2) about Appellant's actions and inactions while her community supervision for the above cases was supervised by the Bexar County Community Supervision and Corrections Department. We affirm.

## I. *Procedural Background*

After the trial court placed Appellant on community supervision in these cases, the State subsequently filed a motion to revoke her community supervision in

each case.[2]  In the motions, the State alleged that Appellant had committed thirteen violations of the terms and conditions of her community supervision.  At the revocation hearing, Appellant pleaded "true" in each case to allegations 1, 3, 5, 6, 7, 10, 11, 12, and 13; she pleaded "not true" to the remaining allegations.  The trial court accepted Appellant's pleas of "true" to these specific allegations.

Upon the conclusion of the hearing on the State's motions to revoke, the trial court (1) found allegations 1, 3, 5, 6, 7, 8, 9, 10, 11, 12, and 13 to be "true," (2) revoked her community supervision in each case, and (3) assessed her punishment at two years' confinement in the State Jail Division of the Texas Department of Criminal Justice in cause no. CR24369, and three years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice in cause no. CR26263; the sentences imposed were ordered to be served concurrently.  This appeal followed.

## II. *Analysis*

The issues raised by Appellant focus on what she contends are evidentiary missteps by the trial court.  However, as discussed below, other grounds exist which are dispositive of this appeal.

To revoke a probationer's community supervision, (whether it be regular probation or deferred adjudication), the State need only prove by a preponderance of the evidence that the probationer violated *a* condition of probation.  *Hacker v. State*, 389 S.W.3d 860, 864–65 (Tex. Crim. App. 2013) (citing *Leonard v. State*, 385 S.W.3d 570, 576–77 (Tex. Crim. App. 2012); *Ex parte Doan*, 369 S.W.3d 205, 210 (Tex. Crim. App. 2012)).  "In the probation-revocation context, 'a preponderance of the evidence' means 'that greater weight of the credible evidence which would create

---

[2]Before these motions to revoke were filed, Appellant's guilt was adjudicated in cause no. CR24369; however, rather than revoke her community supervision at that time, the trial court instead extended and continued Appellant's community supervision in that case. *See generally* TEX. CODE CRIM. PROC. ANN. art. 42A.753 (West 2018).

a reasonable belief that the defendant has violated a condition of his probation.'" *Id.* at 865 (quoting *Rickels v. State*, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006)).

The standard of review that we employ for probation-revocation cases is whether the trial court abused its discretion. *Id.* (citing *Rickels*, 202 S.W.3d at 763). "[T]he trial judge is the sole judge of the credibility of the witnesses and the weight to be given to their testimony." *Id.* (citing *Davila v. State*, 547 S.W.2d 606, 609 (Tex. Crim. App. 1977)). In this regard, we review the evidence in the light most favorable to the trial court's ruling. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984).

It is well settled that one sufficient ground for revocation will support a trial court's revocation order. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *Gobell v. State*, 528 S.W.2d 223, 224 (Tex. Crim. App. 1975); *Jones v. State*, 472 S.W.3d 322, 324 (Tex. App.—Eastland 2015, pet. ref'd). Further, a probationer's plea of "true," alone, is sufficient to support a trial court's decision to revoke a probationer's community supervision. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979); *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979); *see also Tapia v. State*, 462 S.W.3d 29, 31 n.2 (Tex. Crim. App. 2015). Here, Appellant pleaded "true" in each case to nine of the thirteen allegations in the State's motions to revoke. Thus, Appellant's pleas of "true" alone are sufficient to support the trial court's revocation decisions.

Because Appellant pleaded "true" in each case to nine of the thirteen violations alleged in the State's motions to revoke, the State was relieved of its burden to present other, independent evidence of any alleged violation. *See Tapia*, 462 S.W.3d at 31 n.2; *Cole*, 578 S.W.2d at 128. As we have said, the violation of only a single condition of community supervision, standing alone, is sufficient to

4

support the trial court's revocation decision. *Garcia*, 387 S.W.3d at 26; *Smith*, 286 S.W.3d at 342; *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Jones*, 472 S.W.3d at 324. Such is the case here. Therefore, in light of Appellant's pleas of "true" to allegations 1, 3, 5, 6, 7, 10, 11, 12, and 13, the trial court's revocation decisions would not have been affected by either the admission or the exclusion of the probation officer's testimony of which Appellant now complains. Consequently, the trial court did not abuse its discretion when it revoked Appellant's community supervision.

Moreover, the record does not indicate that the trial court assessed any weight or consideration whatsoever to the probation officer's opinion that Appellant's probation should be revoked. *See Brooks v. State*, No. 10-19-00018-CR, 2021 WL 2252675, at *2 (Tex. App.—Waco May 28, 2021, no pet.) (mem. op., not designated for publication). As such, the record does not support Appellant's argument that she was harmed by the trial court's admission of the probation officer's testimony of which she complains on appeal.

Accordingly, we overrule Appellant's first and second issues.

### III. *This Court's Ruling*

We affirm the judgments of the trial court.


W. STACY TROTTER

JUSTICE


January 25, 2024

Do not publish. *See* Tex. R. App. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.